DOMINICK MONTANO ET AL. *v.*
KIN-THERM, INC., ET AL.
(2666)

DUPONT, C.P.J., HULL and SPALLONE, Js.

Argued March 12—decision released May 28, 1985

*Joseph F. Skelley, Jr.,* with whom, on the brief, were *Joel J. Rottner* and *James G. Geanuracos,* for the appellants (defendants).

*James J. Alaino, Jr.,* with whom, on the brief, was *Edward Pontacoloni,* for the appellees (plaintiffs).

HULL, J. The defendants[1] appeal from a judgment for the plaintiffs in an action on a promissory note. We find error.

On December 22, 1970, the plaintiffs, Dominick and Freida Montano, executed a promissory note in the amount of $35,000, secured by a mortgage on their real property, in favor of Hartford National Bank. This note was made at the request of their son, Donald Montano, who was an officer and shareholder in the defendant Kin-Therm, Inc. The president of Kin-Therm and Donald Montano both signed the note as guarantors. The $35,000 was then loaned by the plaintiffs to Kin-Therm pursuant to a separate note.

On March 5, 1971, Kin-Therm filed for bankruptcy, listing its note to the plaintiffs, and its guaranty of the plaintiff's debt to Hartford National Bank as unsecured debts. As a result of Kin-Therm's bankruptcy, the plaintiffs received $5512.50 in discharge of their claim.[2] Kin-Therm's assets and stock were subsequently purchased by Applied Energy Company, Inc., which continued to employ Donald Montano as manager of its operations. Donald Montano thereafter made weekly

---

[1] Kin-Therm, Inc., is a wholly-owned subsidiary of Applied Energy Company, Inc., which is also a defendant herein.

[2] In the interim, the plaintiffs had repaid Hartford National Bank in full.

cash payments to his parents which, the trial court found, "roughly corresponded to interest on the balance of the plaintiffs' loss."

The plaintiffs brought this action, in two counts, alleging that both defendants had agreed to hold them harmless on the Hartford National Bank note. The court held that there was insufficient evidence upon which to find that either defendant had made such an agreement with the plaintiffs. The court concluded, however, that the cash payments were made pursuant to an oral agreement between the plaintiffs and Kin-Therm, which agreement constituted a post-bankruptcy reaffirmation of debt. Thus, despite the fact that the defendants asserted that they were discharged of this debt by their bankruptcy, the court concluded that the plaintiffs should recover on the basis of the post-bankruptcy reaffirmation although the court expressly acknowledged that "the plaintiffs did not raise [this issue] in their pleadings."

The defendants' fundamental claim of error[3] is that the trial court erred in finding a post-bankruptcy reaffirmation of Kin-Therm's debt to the plaintiffs in the absence of pleadings raising that as an issue. The trial court acknowledged that "matters in avoidance of affirmative allegations in an answer generally have to be specially pleaded in the reply." That court went on to state, however, that "such a defect may be treated as waived when it appears that the defendant was aware of this claim, as evidenced by the considerable amount of testimony presented by both parties on this issue. See *Frager* v. *Pennsylvania General Ins. Co.*, 161 Conn. [472, 289 A.2d 896] (1971)." The trial court's reliance on *Frager*, however, is misplaced. That case involved a special defense which was not

---

[3] Although the defendants' brief sets out three claims of error, those claims are all predicated on the trial court's decision as to the issue of reaffirmation. Our conclusion as to this issue is dispositive of the appeal.

properly raised in proceedings after a remand by the Supreme Court. See *Frager* v. *Pennsylvania General Ins. Co.,* 155 Conn. 270, 231 A.2d 531 (1967). The court specifically noted that in the proceedings which had led to its earlier remand, the claim in question had been raised so that the plaintiff had notice of it. *Frager* v. *Pennsylvania General Ins. Co.,* 161 Conn. 472, 478, 289 A.2d 896 (1971).

The present case, on the other hand, involved issues which required evidence of a post-bankruptcy reaffirmation of debt as well as of the claims raised by the pleadings. Waiver of an appropriate pleading cannot be found in the admission of evidence relevant to issues within the scope of the pleadings simply because that evidence also pertains to issues not before the court. "A failure to demur, or to object to the evidence offered to prove the facts found [but not averred], does not preclude the losing party from asserting and taking advantage of the error on appeal." *Stein* v. *Coleman,* 73 Conn. 524, 529, 48 A. 206 (1901); *State* v. *Porrot,* 4 Conn. Cir. Ct. 400, 403, 233 A.2d 13 (1967). In fact, the defendants did object to the admission of evidence which was relevant to the reaffirmation issue, stating specifically that "if the purpose is to attempt to prove that there was some agreement where Kin-Therm reaffirmed the debt, I'm going to object to that on the basis that it is nowhere in the pleadings." That objection was overruled and an exception was taken. Thus, the defendants did everything necessary to keep the proceedings from straying outside the bounds of the pleadings.

"The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise. *Board of Education* v. *Commission on Human Rights & Opportunities,* 177 Conn. 75, 77, 411 A.2d 40 (1979); *Lundberg* v. *Kovacs,* 172 Conn. 229, 232, 374 A.2d 201 (1977). It is fundamental in our law that the right of a plaintiff to recover is limited to the

allegations in his complaint. *Kawasaki Kisen Kaisha, Ltd.* v. *Indomar, Ltd.,* 173 Conn. 269, 272, 377 A.2d 316 (1977); *Strimiska* v. *Yates,* 158 Conn. 179, 185, 257 A.2d 814 (1969); *Nash Engineering Co.* v. *Norwalk,* 137 Conn. 235, 239, 75 A.2d 496 (1950). 'A plaintiff may not allege one cause of action and recover upon another. Facts found but not averred cannot be made the basis for a recovery.' *Malone* v. *Steinberg,* 138 Conn. 718, 721, 89 A.2d 213 (1952); *Schaller* v. *Roadside Inn, Inc.,* 154 Conn. 61, 65, 221 A.2d 263 (1966)." *Francis* v. *Hollauer,* 1 Conn. App. 693, 694–95, 475 A.2d 326 (1984).

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendants.

In this opinion the other judges concurred.