[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the jury on plaintiff's Motion to Strike Defendants' two counterclaims. Specifically, the plaintiff alleges that both defenses are legally insufficient.
The defendants have brought a two count counterclaim against the plaintiff, Craig Esposito, alleging breach of fiduciary duty and breach of the duty of loyalty. The counterclaim sets forth the following facts. The defendant, Connecticut College, employed the plaintiff from on or about December of 1989 to August of CT Page 1611 1997. For the majority of that period the plaintiff served as the "Director of Planned Giving." In that capacity, the plaintiff assisted potential donors in structuring their charitable donations so that their "planned gifts" would be consistent with their financial, estate and tax concerns. A "planned gift" is generally understood to be a charitable gift that requires a formal document to be effective. Planned gifts include, among other things, trusts, annuities and testamentary bequests.
During the plaintiff's tenure as Director of Planned Giving, the college received two large financial gifts from the estates of Joanne Toor Cummings ("Cummings gift") and Roman Weller ("Weller gift"). The plaintiff was familiar with the terms of both the Cummings and Weller gifts and had access to all files concerning these two gifts. On August 1, 1997, the plaintiff faxed a complaint to the office of the Attorney General of Connecticut alleging that the college was not using the proceeds of the Cummings gift in conformance with the provisions of Ms. Cummings' will, and that the misuse of funds could also be happening with the bequest of Roman Weller. On that same day, a copy of the plaintiff's complaint was sent to a reporter for the New London Day newspaper. The newspaper published a story detailing the plaintiff's allegations on August 3, 1997.
On August 5, 1997, the college terminated the plaintiff's employment based on the plaintiff's "less than fully satisfactory job performance." On September 2, 1997, the plaintiff filed a fifteen count "First Amended Complaint" against the defendants alleging various contractual and tort violations which stemmed primarily from the termination of his employment.
On December 17, 1997, the defendants filed a two count counterclaim to the plaintiff's first amended complaint alleging breach of fiduciary duty (count one) and breach of the duty of loyalty (count two). Both count one and count two of the counterclaim allege that the plaintiff: (1) failed to disclose to the college his concerns and evidence of misuse of funds before advising the Attorney General and publicizing his allegations; (2) failed to take adequate steps to correct the problem he perceived with the college's use of charitable funds; (3) failed to investigate his allegations before presenting them to the Attorney General and before publicizing them; and (4) deliberately withheld information known, or reasonably available to him reflecting on the subject matter of his allegations. CT Page 1612
The plaintiff filed a motion to strike both counts of the defendants' counterclaim on August 12, 1998, along with a supporting memorandum of law. On September 29, 1998, the defendants filed an objection and a memorandum of law in support.
"[A] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action. . . . A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." (Citations omitted; internal quotation marks omitted.) Fairfield Lease Corp. v.Romano's Auto Service, 4 Conn. App. 495, 496, 495 A.2d 286
(1985).
The plaintiff moves to strike the defendants' two count counterclaim on the grounds that it is legally insufficient.
The plaintiff alleges that: (a) Connecticut does not recognize an independent cause of action for breach of fiduciary duty or breach of loyalty; (b) even if the court recognizes an independent cause of action for these claims, the employer-employee relationship is not fiduciary in nature and, therefore, the plaintiff did not owe the defendant a fiduciary duty or duty of loyalty; and (c) even if a cause of action exists for breach of fiduciary duty and breach of loyalty, the defendant has not alleged sufficient facts.
The plaintiff also moves to strike on the grounds that the counts do not arise out of the same transaction as the subject complaint, contrary to the dictates of Practice Book § 10-10, and the counts fail to state causes of action as legal or equitable setoffs.
The plaintiff argues that Connecticut does not recognize a cause of action for breach of fiduciary duty and breach of the duty of loyalty.
Connecticut has recognized a separate cause of action for breach of fiduciary duty in Dunham v. Dunham, 204 Conn. 303, 320,528 A.2d 1123 (1987), overruled on other grounds, Santopietro v.New Haven, 239 Conn. 207, 213 n. 8, 682 A.2d 106 (1996), andSherwood v. Danbury Hospital, Superior Court, judicial district of Danbury at Danbury, Docket No. 324786 (March 21, 1997,Stodolink, J.). See also R.L. Newman and J.S. Wildstein, TortCT Page 1613Remedies in Connecticut (1996) § 16-2; p. 229 (one theory of recovery similar in many respects to an action for legal malpractice is a cause of action for breach of fiduciary duty).
In Sherwood v. Danbury Hospital, the defendant filed a request to revise three counts of the plaintiff's complaint. The defendant sought to delete the entire third count, breach of fiduciary duty, on the ground that it did not set forth a cause of action which was separate from the plaintiff's negligence count. The court held that the breach of fiduciary duty claim was not "an unnecessary or improper allegation" as it was a recognized cause of action in Connecticut. Sherwood v. DanburyHospital, supra, Superior Court, Docket No. 324786.
This court finds, however, that no separate cause of action exists in Connecticut for breach of the duty of loyalty. "[T]he duty of loyalty derives from the prohibition against self-dealing that inheres in the fiduciary relationship. " Saginaw ProductsCorporation v. Cavallo, Superior Court, judicial district of New Haven at New Haven, Docket No. 326329 (August 11, 1994, Burns,J.), aff'd, 40 Conn. App. 771, 673 A.2d 120 (1996). Consequently, a breach of the duty of loyalty by a fiduciary is conduct which may give rise to a breach of fiduciary duty claim. Therefore, the duty of loyalty is actually a subset, or an element of, the breach of a fiduciary duty claim, rather than its own cause of action. See Beverly Hills Concepts. Inc. v. Schatz and Schatz,247 Conn. 48, 57, 717 A.2d 724 (1998) (breach of a fiduciary duty implicates a duty of loyalty and honesty); Saginaw ProductsCorporation v. Cavallo, supra, Superior Court, Docket No. 326329 (fiduciary duty comprises two prongs: a duty of care, and a duty of loyalty).
Accordingly, count two is merely an extension of count one and, therefore, the motion to strike is granted as to count two, Breach of the Duty of Loyalty.
The court will now review the remaining arguments posed by the plaintiff in opposition to count one-breach of fiduciary duty claim.
The plaintiff next argues that the allegations do not sufficiently allege a cause of action for breach of fiduciary duty because: (1) the employer-employee relationship is not fiduciary in nature; and (2) no facts have been alleged which would give rise to a claim for breach of fiduciary duty. CT Page 1614
The Connecticut Supreme Court has "refused to define a fiduciary relationship in precise detail and in such a manner as to exclude new situations, choosing instead to leave the bars down for situations in which there is a justifiable trust confided on one side and a resulting superiority and influence on the other." (Internal quotation marks omitted.) Alaimo v. Royer,188 Conn. 36, 41, 448 A.2d 207 (1982). "Consequently, the question of whether a fiduciary duty exists in the present action is a question of fact to be determined by the test set forth in Alaimo [v. Royer]." Chmelecki v. Decorative Screen Printers,Inc., Superior Court, judicial district of New London at New London, Docket No. 532041 (June 19, 1995, Hurley, J.) (whether a fiduciary relationship exists by virtue of employer-employee relationship is a question of fact). "It is inappropriate to decide a question of fact on a motion to strike." Id.
The plaintiff also argues that no facts have been alleged which would support the defendant's claim for breach of fiduciary duty.
To assert a claim for breach of a fiduciary duty the plaintiff has the burden of proving the existence of a fiduciary relationship. A fiduciary relationship is characterized by a "unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." Dunham v. Dunham, supra, 204 Conn. 322. "If the plaintiff proves the existence of a fiduciary relationship, the proof of that relationship imposes a twofold burden upon the fiduciary. First, the burden shifts to the fiduciary to prove fair dealing. Second, the fiduciary must prove fair dealing by clear convincing and unequivocal evidence." R. Newman and J. Wildstein, supra, § 16-2(d), p. 231., citing Dunham v. Dunham, supra, 204 Conn. 322-23.
In determining whether a particular act or transaction on the part of the fiduciary is fair, the court will consider the fiduciary's acts in light of all of the circumstances. "Important factors in determining whether a particular transaction is fair include a showing by the fiduciary: (1) that he made a free and frank disclosure of all relevant information he had; (2) that the consideration was adequate; and (3) that the principle had competent and independent advice before completing that transaction . . . (4) the relative sophistication and bargaining power among the parties. R. Newman and J. Wildstein, supra, § CT Page 161516-2(b), p. 231.
In the present case, the counterclaim asserts the existence of a fiduciary relationship by way of the following allegations: "[The plaintiff] represented to the College that he could provide the College with special technical assistance in the areas of estate planning, financial planning and tax laws. [The plaintiff] intended for the College to rely on these representations." Counterclaim, ¶ 38. "Based upon [the plaintiff's] representations, the College justifiably and reasonably relied on him to provide such special technical assistance and placed a high level of trust in him to provide these services. . . ." ¶ 40.
The defendant then alleges conduct on the part of the plaintiff which runs contrary to the aforementioned expectations. Specifically, the defendant alleges that the defendant deliberately failed to disclose to the college his concerns about and evidence of misuse of funds; failed to take adequate steps to correct this problem; and failed to take reasonable steps to investigate his allegations before making them public.
The court concludes that the defendant has alleged sufficient facts to establish that a fiduciary relationship existed and that a breach of this relationship may have occurred.
The plaintiff also argues that the breach of fiduciary duty claim does not arise out of the same transaction as the subject complaint.
"In any action for legal or equitable relief, the defendant may file counterclaims against the plaintiff provided that each counterclaim arises out of the transaction that is the subject of the plaintiff's complaint." Carothers v. Connecticut BuildingWrecking Co., 19 Conn. App. 216, 220, 561 A.2d 971 (1989), citing Practice Book § 116 (now § 10-10). "The rule permits joinder of closely related claims arising out of the same transaction where such joinder is in the best interests of judicial economy." Id. "The transaction is one of practicality. . . . Relevant considerations in determining whether the transaction test has been met include whether the same issues of fact and law are presented by the complaint and the [counterclaim] and whether separate trials on each of the respective claims would involve a substantial duplication of effort by the parties and the courts." (Citations omitted.) CT Page 1616Jackson v. Conlan, 171 Conn. 161, 166-67, 368 A.2d 3 (1976).
In the present case, count one of the counterclaim alleges a breach of fiduciary duty stemming from the plaintiff's failure to disclose to the college his concerns regarding the misuse of funds from certain charitable bequests and his failure to take reasonable steps to investigate his allegations before advising the Attorney General and before publicizing them to a local newspaper reporter.
These allegations are closely related to a number of claims contained in the plaintiff's complaint, where he asserts that the defendant published several derogatory statements concerning his "negligent conduct" or "misconduct" in publicizing the college's alleged misuse of funds, and that said publication served to tarnish his reputation in the fundraising community.
The allegations posed by both the plaintiff and defendant stem directly from the same transaction-the publication of the alleged mishandling of charitable funds by Connecticut College. The underlying issue, whether the plaintiff failed to take reasonable steps to ensure that his allegations were well-founded, is the same.
Therefore, the court finds that count one of the counterclaim does not violate the requirements of Connecticut Practice Book § 10-10.
The plaintiff next argues that if the court finds that the defendants' counterclaim is legally insufficient, the action cannot be saved by classifying it as a proper legal or equitable setoff. This court has found that count one of the defendants' counterclaim sufficiently alleges a cause of action for breach of fiduciary duty. Therefore, the court need not consider whether the breach of fiduciary duty counterclaim could be saved as a proper setoff.
Accordingly, it is submitted that the motion to strike should be denied as to count one (breach of fiduciary duty), and granted as to count two (breach of the duty of loyalty).
Motion to strike count one of the counterclaim is denied and is granted as to count two.
______________________ CT Page 1617 Mihalakos, J.