[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Walter Gurski, M.D., has brought a legal malpractice action against the defendants, Rosenblum Filan, LLC, James Rosenblum, CT Page 2959 and Jennifer Hally (collectively, the defendants). The complaint alleges (1) negligence; (2) breach of fiduciary duty; and (3) breach of contract. The defendants have moved to strike the second count of the plaintiff's complaint on the ground that a breach of fiduciary duty claim cannot be properly based upon the same allegations contained in the negligence claim.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations on any complaint . . . that party may do so by filing a motion to strike. . . ." Practice Book § 10-39; see alsoPeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded." (Citations omitted.) Parsons v. United Technologies Corp., 243 Conn. 66,68, 700 A.2d 655 (1997). The court "[m]ust construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 523,753 A.2d 927 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendants argue that count two of the plaintiff's complaint must be stricken because the plaintiff does not allege a breach of a fiduciary duty, but rather reiterates the negligence claim. The defendants contend that a claim for breach of fiduciary duty must allege suspicious circumstances or a moral transgression between parties in a fiduciary relationship. The plaintiff responds that count two of his complaint is legally sufficient as he has alleged that the defendants owed a duty of loyalty to him as a client and that a fiduciary relationship carries with it an inherent duty of loyalty.
"[A] fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." (Brackets in original; citations omitted; internal quotation marks omitted.) Beverly Hills Concepts, Inc.v. Schatz and Schatz, Ribicoff Kotkin, 247 Conn. 48, 56-57, 717 A.2d 724
(1998); see also Williams v. Jacobs, Jacobs, Shannon, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 161810 (July 2, 1999, Hickey, J.). An attorney-client relationship imposes a fiduciary duty. See Beverly Hills Concerts, Inc. v. Schatz and Schatz,Ribicoff Kotkin, supra, 56.
In the present case, the plaintiff's second count alleges that: on July 6, 1998, the defendants moved to withdraw their appearance as counsel for the plaintiff in a medical malpractice action brought against him. CT Page 2960 Despite the fact that the court did not act on the defendants' motion until October 19, 1998, the defendants refused to represent the plaintiff at his pretrial conference. As a result of the defendants' refusal, a default was ordered against the plaintiff. Furthermore, the plaintiff alleges that the defendants made no attempt for three weeks to inform the plaintiff of the default judgment or to attempt to reopen the default judgment despite still being the plaintiff's attorneys of record. Consequently, the plaintiff claims that the defendants owed a duty of loyalty to him and owed a duty to do everything necessary and appropriate to defend the plaintiff.
"The fiduciary duty comprises two prongs: a duty of care, and a duty of loyalty. . . . While the duty of care requires that the . . . fiduciaries exercise their best care and judgment . . . the duty of loyalty derives from the prohibition against self-dealing that inheres in the fiduciary relationship." Saginaw Products Corp. v. Cavallo, Superior Court, judicial district of New Haven at New Haven, Docket No. 326329 (August 11, 1994, Burns, J.); aff'd, 40 Conn. App. 771, 673 A.2d 120 (1996). "Professional negligence implicates a duty of care, while breach of a fiduciary duty implicates a duty of loyalty and honesty." Beverly HillsConcepts, Inc. v. Schatz and Schatz, Ribicoff Kotkin, supra,247 Conn. 56-57. Although not expressly limited, "the application of . . . traditional principles of fiduciary duty [has traditionally been confined] to cases involving only fraud, self-dealing or conflict of interest." Murphy v. Wakelee, 247 Conn. 396, 400, 721 A.2d 1181 (1998). "Professional negligence alone . . . does not give rise automatically to a claim for breach of fiduciary duty. . . . [N]ot every instance of professional negligence results in a breach of that fiduciary duty." (Citation omitted.) Beverly Hills Concepts, Inc. v. Schatz and Schatz,Ribicoff Kotkin, supra, 56.
The court finds that the plaintiff's allegations in count two do not support a claim for a breach of fiduciary duty. The plaintiff does not allege any instances of fraud, self-dealing or conflict of interest which traditionally are associated with that cause of action. See Menge v.Cafero, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 128522 (January 11, 1994, Lewis, J.) (court granted motion to strike breach of fiduciary duty count because plaintiff did not sufficiently allege that defendant attorney had conflict of interest in representation of shareholders). Furthermore, the court finds that the allegations in the plaintiff's second count allege a breach of the duty of care which requires an exercise of best care and judgment on the part of the defendants in their representation of the plaintiff. See SaginawProducts Corp. v. Cavallo, supra, Docket No. 326329. As a breach of the duty of care implies a claim of professional negligence, already asserted in count one, and not a breach of fiduciary duty, count two of the CT Page 2961 plaintiff's complaint cannot stand.
Accordingly, the defendant's motion to strike count two of the plaintiff's complaint is granted.
So Ordered.
D'ANDREA, J.