BOARD OF EDUCATION OF THE CITY OF NORWALK *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES OF THE STATE OF CONNECTICUT

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued February 9—decision released March 13, 1979

*Jay M. Dulberg,* assistant corporation counsel, for the appellant (plaintiff).

*Sidney D. Giber,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (defendant).

PER CURIAM. The plaintiff board of education of the city of Norwalk appealed to the Court of Common Pleas from a decision of the defendant commission on human rights and opportunities. The

defendant, after a full hearing, had found the plaintiff in violation of General Statutes § 31-126 (a)[1] because of the plaintiff's continuing refusal to pay female custodians at the same rate of pay as male custodians. The trial court affirmed the substantive decision of the defendant commission, although it modified the order of relief in a manner not subsequently challenged by either party. The plaintiff now appeals to this court from the trial court's consequent entry of judgment dismissing its appeal.

The plaintiff's appeal is limited to one issue:[2] was the plaintiff denied due process because the defendant's complaint lacked specificity? The proceedings before the defendant commission were initiated by a complaint filed by Local 1042 of Council #4 AFSCME, AFL-CIO, charging that "[t]he Norwalk Board of Education refuses to pay female custodians at the same pay level as male custodians." This complaint was incorporated by reference in the defendant commission's own complaint alleging that the plaintiff was engaged in an unfair employment practice in violation of § 31-126 (a) "by denying equal terms, conditions, privileges, and compensation with respect to the employment of female custodians." The latter complaint gave explicit notice that the issue of discrimination would encompass the allegation of an unfair employment practice "continuing to the date of this complaint" and affecting, as a class, all female custodians who were

---

[1] "[General Statutes] Sec. 31-126. UNFAIR EMPLOYMENT PRACTICES. It shall be an unfair employment practice: (a) For an employer . . . except in the case of a bona fide occupational qualification or need, because of the . . . sex . . . of any individual . . . to discriminate against him in compensation or in terms, conditions or privileges of employment."

[2] Other assignments of error were either abandoned by failure to brief them or withdrawn at oral argument.

then, had been, or might in the future be employed by the plaintiff. Regulations promulgated by the defendant commission require, in § 31-125-5, that: "A complaint shall contain the following: . . . (d) a plain and concise statement of the facts constituting the unfair employment practice or practices; (e) the date or dates of the alleged unfair employment practice or practices." The plaintiff claims that the defendant's complaint was inadequate under the defendant's own regulations, and under the general requirements of the law of due process, to apprise the plaintiff of the charges against it. We disagree.

The complaint of the defendant commission satisfies the requirement laid down by this court that a party must be afforded sufficient notice so that he will have "a reasonable opportunity to hear and to be heard upon the charges preferred against him." *Conley* v. *Board of Education,* 143 Conn. 488, 494, 123 A.2d 747 (1956). The functions of sufficient notice are " 'to notify the adverse party of the claims that are to be adjudicated so that he may prepare his case, and to set a standard of relevance' " to govern the proceedings at the hearing. *Murphy* v. *Berlin Board of Education,* 167 Conn. 368, 374, 355 A.2d 265 (1974); *Hart Twin Volvo Corporation* v. *Commissioner of Motor Vehicles,* 165 Conn. 42, 46, 327 A.2d 588 (1973). The complaint adequately informed the plaintiff of an allegation of continued discrimination against all of its female custodians with respect to pay differentials between them and male custodians. These allegations were sufficiently factual to frame the issues to be decided by the hearing tribunal. Unlike *West Hartford* v. *Commission on Human Rights & Opportunities,* 176 Conn. 291, 296, 407 A.2d 964 (1978), there was no ambi-

guity about the male workers with whom the female custodians were to be compared; unlike *Scovill Mfg. Co.* v. *Commission on Civil Rights,* 153 Conn. 170, 175, 215 A.2d 130 (1965), there was no one single violation whose specific date should have been disclosed.

There is no error.