## PATRICK MENILLO *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES ET AL.
### (AC 16521)

O'Connell, C. J., and Foti and Hennessy, Js.

Argued October 1—officially released December 23, 1997

*Michael A. Stratton*, for the appellant (plaintiff).

*Marcy Tench Stovall*, with whom was *Charles H. Benson*, assistant attorney general, for the appellees (defendants).

*Opinion*

HENNESSY, J. The plaintiff, Patrick Menillo, appeals from the judgment of the trial court dismissing his appeal from the decision of the defendant commission on human rights and opportunities (commission). The commission found that the plaintiff had unlawfully discriminated against the complainants, the defendants Antoinette Hutchinson and Tyrone Cohen, when he refused to consider them as tenants because of their race in violation of General Statutes § 46a-64c (a) (1) and (2).[1] The plaintiff claims that the trial court improp-

---

[1] General Statutes § 46a-64c provides in relevant part: "(a) It shall be a discriminatory practice in violation of this section:

"(1) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, creed, color, national origin, ancestry, sex, marital status, age, lawful source of income or familial status.

"(2) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, creed, color, national origin, ancestry, sex, marital status, age, lawful source of income or familial status. . . ."

erly found that (1) the commission did not violate General Statutes § 4-181, which prohibits ex parte communications, and (2) the hearing officer's decision was not arbitrary and capricious in light of his factual findings. We affirm the judgment of the trial court.

The following facts found by the commission's hearing officer are necessary to the resolution of this appeal. A black couple, complainants in the underlying commission action, enlisted the help of a real estate agent, Ivan Yankovlev, to secure an apartment in Bridgeport. Yankovlev brought the couple to a building owned by the plaintiff to view an available apartment on the third floor. Yankovlev was unable to gain entry into the apartment and went to the rear of the building to look for the plaintiff. When Yankovlev did not return, one of the complainants went to look for him and heard the plaintiff talking to Yankovlev. The plaintiff yelled that the real estate agents were bringing too many minorities to his property and demanded that the agent and his clients leave his property immediately.[2]

The hearing officer found, on the basis of those findings, that the plaintiff had illegally discriminated against the complainants on the basis of race in the rental of housing. The plaintiff was ordered to cease and desist from further discriminatory practices, to submit to certain compliance procedures, and to pay compensatory damages and attorney's fees to the complainants. The plaintiff appealed to the Superior Court from the decision of the commission, naming the commission and the complainants as defendants. The Superior Court affirmed the commission's decision. The present appeal followed.

I

The plaintiff first claims that the commission violated General Statutes § 4-181,[3] which prohibits ex parte com-

---

[2] The language used by the plaintiff was obscene and racially charged.

[3] General Statutes § 4-181 provides in relevant part: "(a) Unless required for the disposition of ex parte matters authorized by law, no hearing officer

munications between a hearing officer and members of the commission regarding a case prior to the issuance of a final decision. The plaintiff alleges that the introduction of the commission's investigative report as a record exhibit is a per se violation of the statutory prohibition against ex parte communications. We disagree.

The following additional facts are necessary to the resolution of this claim. After the initial complaint was filed pursuant to General Statutes §§ 46a-83 (c) and 46a-84 (b),[4] the commission assigned an investigator to the case to determine whether there was "reasonable cause" to believe that "a discriminatory practice has

or member of an agency who, in a contested case, is to render a final decision or to make a proposed final decision shall communicate, directly or indirectly, in connection with any issue of fact, with any person or party, or, in connection with any issue of law, with any party or the party's representative, without notice and opportunity for all parties to participate. . . .

"(c) Unless required for the disposition of ex parte matters authorized by law, no party or intervenor in a contested case, no other agency, and no person who has a direct or indirect interest in the outcome of the case, shall communicate, directly or indirectly, in connection with any issue in that case, with a hearing officer or any member of the agency, or with any employee or agent of the agency assigned to assist the hearing officer or members of the agency in such case, without notice and opportunity for all parties to participate in the communication."

[4] General Statutes § 46a-83 (c) provides in relevant part: "The executive director of the commission or his designee shall determine the most appropriate method for processing any complaint pending after review in accordance with subsection (b) of this section. The commission may conduct mandatory mediation sessions, expedited or extended fact-finding conferences or complete investigations or any combination thereof during the investigatory process for the purpose of finding facts, promoting the voluntary resolution of complaints or determining if there is reasonable cause for believing that a discriminatory practice has been or is being committed as alleged in the complaint. As used in this section and section 46a-84, reasonable cause means a bona fide belief that the material issues of fact are such that a person of ordinary caution, prudence and judgment could believe the facts alleged in the complaint. . . ."

General Statutes § 46a-84 (b) provides in relevant part: "Upon certification of the complaint, the executive director of the commission or his designee shall appoint a hearing officer . . . to hear the complaint . . . ."

been or is being committed as alleged in the complaint." In accordance with the requirements of General Statutes § 46a-83 (d),[5] the investigator gave each party the opportunity to provide written or oral comments on the evidence he had gathered and his proposed report prior to his final determination on the issue of reasonable cause. The commission, after reviewing the report of the investigator and comments by the parties, determined that reasonable cause was present and assigned the case to a hearing officer for a formal hearing.

At the formal hearing, the hearing officer admitted the investigator's report into evidence for the limited purpose of establishing that the prerequisite finding of reasonable cause had been properly made. The plaintiff did not object to the admission of that report, nor did he request that the hearing officer disqualify himself.

The commission first contends that the inclusion of this report in the file is not an ex parte communication within the meaning of the statute. The commission also notes that the executive director is required to determine whether reasonable cause exists to believe a discriminatory act has been committed as a condition precedent to a hearing. Therefore, to comply with the statute's procedural requirements, the file of the hearing officer must contain a copy of the predicate investigation.

The portion of § 4-181 that prohibits a hearing officer from receiving ex parte communications from other members of the agency is an essential part of the statutory scheme. This prohibition "is intended to preclude

---

[5] General Statutes § 46a-83 (d) provides in relevant part:"Before issuing a finding of reasonable cause or no reasonable cause, the investigator shall afford each party and his representative an opportunity to provide written or oral comments on all evidence in the commission's file, except as otherwise provided by federal law or any other provision of the general statutes. The investigator shall consider such comments in making his determination. The investigator shall make a finding of reasonable cause or no reasonable cause in writing and shall list the factual findings on which it is based . . . ."

litigious facts reaching the deciding minds without getting into the record. Also precluded is ex parte discussion of the law with the party or his representative. . . . The purposes of § 4-181 are to prevent one party from exerting improper influence on the decisionmaker . . . and to ensure that the reasons underlying his or her decision are on the record." (Citations omitted; internal quotation marks omitted.) *Martone* v. *Lensink*, 207 Conn. 296, 303, 541 A.2d 488 (1988). Those concerns are not present in this case.

We agree with the trial court's reasoning that the essence of an ex parte communication is that the other party has no notice or opportunity to participate in the presentation of allegations to the fact finder. In this case, the plaintiff had notice of the investigator's report and exercised his right to participate by commenting on the investigator's findings prior to its submission to the executive director of the commission.

The trial court reviewed the record and found that the hearing officer had admitted the investigator's report as a "record exhibit, not as evidence" for the exclusive purpose of establishing that the prerequisite determination of reasonable cause had been found. The trial court also found that the plaintiff had waived his right to raise the issue of prejudice resulting from an ex parte communication because the plaintiff did not request that the hearing officer disqualify himself on the ground that he had been improperly influenced.

Under these facts, the investigator's report cannot be construed as an ex parte communication. Therefore, we conclude that there was no violation of § 4-181.

II

The plaintiff next claims that the decision of the hearing officer was arbitrary and capricious because of its reliance on improper inferences. The plaintiff argues

that inferences made in the discussion section of the hearing officer's decision are flawed, which mandates that this court vacate the hearing officer's decision. We disagree.

"First, we note that our review of an administrative appeal is limited. Our Supreme Court has established a firm standard that is appropriately deferential to agency decision making, yet goes beyond a mere judicial rubber stamping of an agency's decisions. *Connecticut Light & Power* [*Co.*] v. *Dept. of Public* [*Utility Control*], 219 Conn. 51, 57, 591 A.2d 1231 (1991); *Woodbury Water Co.* v. *Public Utilities Commission*, 174 Conn. 258, 260, 386 A.2d 232 (1978). Courts will not substitute their judgment for that of the agency where substantial evidence exists on the record to support the agency's decision, and where the record reflects that the agency followed appropriate procedures. *Samperi* v. *Inland Wetlands Agency*, 226 Conn. 579, 587, 628 A.2d 1286 (1993); *Lieberman* v. *State Board of Labor Relations*, 216 Conn. 253, 262, 579 A.2d 505 (1990); *Baerst* v. *State Board of Education*, 34 Conn. App. 567, 571, 642 A.2d 76, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994)." (Internal quotation marks omitted.) *Cabasquini* v. *Commissioner of Social Services*, 38 Conn. App. 522, 525–26, 662 A.2d 145, cert. denied, 235 Conn. 906, 665 A.2d 899 (1995).

The trial court's review is governed by the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq., which limits the scope of judicial review of administrative agency decisions. See *Connecticut Light & Power Co.* v. *Dept. of Public Utility Control*, supra, 219 Conn. 57–58; *Connecticut Building Wrecking Co.* v. *Carothers*, 218 Conn. 580, 593, 590 A.2d 447 (1991). General Statutes § 4-183 (j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency

unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. . . ." In the present case, the trial court did not find any of the six exceptions present and, therefore, was bound by the statute to affirm the commission's decision.

The plaintiff argues that because the hearing officer chose to rely on certain facts and to reject others, his factual conclusions were arbitrary and capricious. For this reason, the trial court should have reversed the commission's decision. "If the administrative record provides substantial evidence on which the hearing officer could reasonably have based his findings, the decision must be upheld. . . . The trial court may not disturb the administrative process if the record contains substantial evidence that supports the hearing officer's findings and as long as the board followed the requirements of the statute." (Citation omitted.) *Joyell* v. *Commissioner of Education*, 45 Conn. App. 476, 490, 696 A.2d 1039 (1997).

We conclude that the findings of the hearing officer were well grounded in the evidence presented to him and were logically consistent. Therefore, we find that the trial court properly upheld the commission's decision.

The judgment is affirmed.

In this opinion the other judges concurred.