[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
Plaintiff Chief of Staff for the Office of the Mayor for the City of Hartford has filed this administrative appeal challenging a decision of the defendant Freedom of Information Commission (FOIC).[1] FOIC 1) ordered that the City disclose to defendants Mike Swift and the Hartford Courant responses the City received to a request for proposals it issued in 1997, and 2) imposed a $300 fine against the City for failure to disclose the responses on its own. Argument of the appeal took place on August 2, 1999. For the reasons stated below, the court affirms the decision of FOIC except for its imposition of the fine.
BACKGROUND OF THE CASE
The administrative record reveals the following background of CT Page 11298 the case. During the latter part of 1997, the City issued a requests for proposals (RFP) for the redevelopment of a seven parcel piece of downtown property owned by the City, commonly referred to as the Cutter site. The RFP did not contain specific guidelines but rather sought general concepts and development ideas. There were twelve responses totaling 407 pages. The responses contained the name and address of the entities involved in each proposed development plan, a summary of the developers' sources of funding, finance plan, projected costs, intended uses of funds, projected development schedule, projected operating revenue and expenses, resume and experience, lender preferences, and property manager profile, as well as maps and drawings of the development plan and photographs of buildings. Some of the responses also contained individuals' social security numbers and bank account information.
There was no written or formal agreement between the City and the twelve developers concerning the confidentiality of the proposals. Some, but apparently not all, of the developers made oral or written requests for confidentiality and a majority may have had the understanding that their information would not become public. The City informed the developers that their concepts would be shared with various city council and staff members. At least two or three developers shared some information in their proposals with each other in an effort to pool their resources. The City later requested the submission of financial information that the parties more clearly understood to be "eyes only."
On January 21, 1998, defendant Swift, a reporter for the Hartford Courant, made a Freedom of Information Act (FOIA) request of the City for copies of all proposals. The City denied the request on January 27, 1998, claiming the documents were exempt from disclosure. Swift filed a complaint with FOIC, which designated a Commissioner to conduct a hearing. The hearing took place on March 18, 1998. Shortly thereafter, the City submitted the records at issue to FOIC for in camera review.
On August 26, 1998, FOIC issued its decision. FOIC initially found that most of the records were not exempt from disclosure under General Statutes § 1-19 (b)(8) (now § 1-210 (b)(8)), which exempts various statements of personal worth from disclosure. FOIC then found that none of the records constituted exempt "trade secrets" under General Statutes § 1-19 (b)(5) (now § 1-210
(b)(5)). FOIC further found that almost all of the records were CT Page 11299 not "given in confidence" and so did not fall within that portion of § 1-210 (b)(5) that exempts "commercial or financial information given in confidence, not required by statute." FOIC did agree, however, that under the "commercial or financial information given in confidence" exemption, the City could withhold three pages of the records that contained requests for or explicit indications of confidential treatment. FOIC also declined, "in its discretion," to order the disclosure of social security numbers and personal bank account information that was contained in some of the responses. Finally, FOIC imposed a penalty of $300 against the City on the ground that its failure to disclose the requested documents, other than those portions that FOIC permitted the City to withhold, was "without reasonable grounds." This appeal followed.
DISCUSSION
Judicial review of administrative agency decisions is governed by the Uniform Administrative Procedure Act. See Menillov. CHRO, 47 Conn. App. 325, 331, 703 A.2d 1180 (1997); General Statutes § 4-166 et seq. Section 4-183 (j) of the General Statutes provides as follows:
 The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of the constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Stated differently, "[j]udicial review of an administrative agency decision requires the court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." Schallenkamp v. DelPonte,229 Conn. 31, 39, 639 A.2d 1018 (1994) (internal quotations omitted). Further, the court's construction of the FOIA "must be guided by the policy favoring disclosure and exceptions to disclosure must CT Page 11300 be narrowly construed." Superintendent of Police v. FOIC,222 Conn. 621, 626, 609 A.2d 998 (1992).
The City relies on General Statutes § 1-210 (b)(5) ("(b)(5)"), which exempts the following information from the disclosure requirement of FOIA:
 Trade secrets, which for purposes of the Freedom of Information Act, are defined as unpatented, secret, commercially valuable plans, appliances, formulas or processes, which are used for the making, preparing, compounding, treating or processing of articles or materials which are trade commodities obtained from a person and which are recognized by law as confidential, and commercial or financial information given in confidence, not required by statute.
The court must interpret this exemption in accordance with its plain language and its phrasing. See Board of Trustees ofWoodstock Academy v. FOIC, 181 Conn. 544, 549, 436 A.2d 266
(1980). Most of the language in the subsection defines the term "trade secrets." The last phrase — "commercial or financial information given in confidence, not required by statute" — does not define "trade secrets" but rather is separated from that definition by a comma and the conjunction "and." The court therefore agrees with the approach taken by FOIC that this exemption contains two components: "trade secrets" and "commercial or financial information."
In this court, the City relies solely on the claim that the records are exempt under the "commercial or financial information given in confidence, not required by statute" component of (b)(5).[2] FOIC agrees that the records were "not required by statute." It does not vigorously contest the City's position that the records contained "commercial or financial information," a position that the court, after examining the records, finds to be correct. Thus the disputed element in this case is whether the records were "given in confidence."
FOIC, as stated, found that almost all of the records were not "given in confidence." The Connecticut appellate courts have apparently not had occasion to interpret this phrase. Under the federal FOIA, which this court may look to for guidance. Board ofTrustees of Woodstock Academy v. FOIA, supra, 553, an exemption for law enforcement records that would disclose the identity of a CT Page 11301 "confidential source" refers to a person who provides information "under an express assurance of confidentiality or in circumstances from which such an assurance could reasonably be inferred." United Technologies Corp. v. National Labor RelationsBoard, 777 F.2d 90, 93 (2d Cir. 1985) (internal quotation marks omitted). Whether the circumstances show an implied assurance of confidentiality is ordinarily a question of fact. Id.
In the present case, there was no express assurance of confidentiality by the City to the developers. Whether there was an implied assurance of confidentiality presents a close question. On the one hand, some of the developers requested confidentiality and a majority apparently had an understanding that their proposals would remain confidential. On the other hand, the City informed the developers that their concepts would be shared among various city council and staff members and some of the developers shared their proposals with each other. The City later requested the submission of financial information that the parties more clearly understood to be "eyes only."
This court cannot substitute its judgment for that of the agency, which found that the majority of the information was not given in confidence. There was, as stated above, substantial evidence to support this finding. The agency's conclusion finds support from the. fact that responses to RFPs are generally not considered as confidential as the sealed bids in a competitive bidding process. See City of Hartford v. FOIC, 41 Conn. 67,75-76, 674 A.2d 462 (1996). Construing the (b)(5) exemption narrowly, as this court must, the court finds the agency's conclusion to be reasonable and not clearly erroneous.
The court reaches the opposite conclusion concerning the imposition of the $300 fine on the City. FOIC made no findings to support the fine other than the general statement that the City's failure to disclose the records "was without reasonable grounds." This court has found, however, that the issue of whether the records were "given in confidence" and therefore fell within exemption (b)(5) is a close one. There is certainly a valid public policy argument for opposing disclosure of the records in that disclosure of the records may impair the competitiveness of the proposal and future bidding processes. See City of Hartfordv. FOIC, supra, 76-77. Thus the City's arguments were in good faith. Indeed, FOIC itself found that the City need not have disclosed three of the pages as well as certain social security and bank account information. Under these circumstances, the CT Page 11302 court finds that FOIC's imposition of a $300 fine was clearly erroneous.
CONCLUSION
For the foregoing reasons, this court affirms the decision of FOIC and dismisses the plaintiffs' appeal except for the imposition of the $300 fine against the City, which portion of the plaintiffs' appeal is sustained.
It is so ordered.
Carl J. Schum, Judge, Superior Court