[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
Plaintiff Mary Walker has filed an administrative appeal from the decision of the defendant Connecticut Commission on Human Rights and Opportunities (CHRO) dismissing the plaintiffs employment discrimination complaint against defendants Envirotest Systems Corp. (Envirotest) and Connecticut Department of Motor Vehicles (DMV). Argument of the appeal took place on July 26, 1999. For the reasons stated below, the court affirms the decision of CHRO and dismisses the plaintiffs appeal.
BACKGROUND OF THE CASE
The administrative record reveals the following background of the case. The plaintiff was employed as an assistant manager at the North Haven automobile emissions inspection station. In 1995, the plaintiff complained to the station manager that Nicholas Aurora, a DMV employee assigned to the station, would not stop asking her for a date. On or about April 14, 1997, the plaintiff complained to her supervisors that Aurora had sexually harassed her by asking her for nude photos of herself and making other suggestive remarks. The plaintiff put her complaint in writing on April 18, 1997.
On April 23, 1997, the plaintiff requested a temporary transfer to another emissions station pending the outcome of the investigation into her allegations. Envirotest transferred the plaintiff to the East Hartford station at the same rate of pay. An Envirotest human resources department memo written the next day concluded that the plaintiffs allegations appeared to have merit, recommended that the company request that DMV transfer Aurora out of the North Haven station, and advised against transferring the plaintiff unless the DMV refused to take action.
On April 25, 1997, both the plaintiff and Aurora signed statements stating that they were willing to work through their differences so that they could go back to running the station effectively. On May 1 and 2, 1997, DMV wrote the plaintiff and her attorney that it was very concerned about the plaintiffs allegations and wanted to meet with them to further its own investigation of the matter. The plaintiff apparently did not respond to these letters.
On May 16, 1997, Envirotest posted a vacancy of the position of manager of the North Haven station. The plaintiff applied but, on or before July 1, 1997, the position went to another person who, unlike the plaintiff, had prior experience as a station CT Page 11304 manager. In early June, 1997, the plaintiff requested and received a transfer back to the North Haven station as an assistant manager, even though Aurora was still working there. On or about June 15, 1997, the plaintiff declined an offer to become station manager of the Old Saybrook station.
On July 14, 1997, another female employee at the North Haven station complained of sexual harassment by Aurora. DMV transferred Aurora out of the North Haven station on July 25, 1997. Subsequent investigation by DMV and Envirotest did not substantiate the July 14 complaint.
On January 12. 1998, the plaintiff filed an employment discrimination complaint with CHRO naming Envirotest and DMV as respondents. The plaintiff alleged that she was subjected to a hostile work environment because of sexual harassment by Aurora and that she was denied a promotion by Envirotest in retaliation for her filing the harassment complaint.
On April 13, 1998, CHRO wrote the plaintiff that "it was determined that you are not being sexually harassed and were not denied promotion within 180 days of the filing of this complaint."
The letter added:
 [T]here is evidence to indicate that your employer took action to investigate your complaint [of] sexual harassment and Mr. Aurora was ultimately transferred to another location. Your own affidavit indicates that Mr. Aurora was transferred on July 25, 1997. The denial of promotion you alleged occurred more than 180 days prior to the filing of this complaint and therefore was not considered. The respondent has further indicated that you were offered a promotion after you complained of sexual harassment and you chose to decline it. There is no evidence of any retaliatory incident(s) within 180 days of the filing of this complaint. Finally, you did not provide any additional or substantive information which might refute the response.
Accordingly, CHRO dismissed the complaint. On July 23, 1998, CHRO denied the plaintiffs request for reconsideration. This appeal followed. CT Page 11305
DISCUSSION
Judicial review of administrative agency decisions is governed by the Uniform Administrative Procedure Act. See Menillov. CHRO, 47 Conn. App. 325, 331, 703 A.2d 1180 (1997); General Statutes § 4-166 et seq. Section 4-183(j) of the General Statutes provides as follows:
 The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of the constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Stated differently, "[j]udicial review of an administrative agency decision requires the court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." Schallenkamp v. DelPonte,229 Conn. 31, 39, 639 A.2d 1018 (1994) (internal quotations omitted).
CHRO's decision essentially relied on General Statutes §46a-82(e), which provides that, in order to pursue a claim of employment discrimination, a complaint "must be filed within one hundred and eighty days after the alleged act of discrimination." The agency reasoned that, because the plaintiff filed her complaint on January 12, 1998, she must prove acts of discrimination that occurred on or after July 16, 1997. The agency found no acts of discrimination that occurred during this time period.
Substantial evidence exists to support these findings and the agency's conclusions from these findings were reasonable. The CT Page 11306 last reported incident of sexual harassment of the plaintiff took place on or about April 14, 1997. The denial of plaintiffs promotion to station manager of the North Haven station took place on or before July 1, 1997. These acts obviously predated July 16, 1997. Indeed, the only incident in the record arguably affecting the plaintiff that took place within the 180 day period was Aurora's July 25 transfer out of the North Haven station. This action was remedial rather than hostile to the work environment. The agency quite reasonably did not consider this incident to be an act of discrimination.[1]
To overcome the statute of limitations, the plaintiff argues that this case falls within the continuing violation doctrine. This argument must fail. Our Supreme Court recognized the continuing violation doctrine in Board of Education v. CHRO,177 Conn. 75, 411 A.2d 40 (1979), in holding that "discrete incidents occurring during a continuum of discriminatory employment practices may constitute fresh violations of [the] General Statutes." State v. CHRO, 211 Conn. 464, 473, 559 A.2d 1120
(1989). The federal courts, which this court may look to for guidance, id., 470, have held that, in order to invoke the continuing violation doctrine, the plaintiff must establish at least one incident of discrimination within the limitations period. See Malhotra v. Cotter Co., 885 F.2d 1305, 1310 (7th Cir. 1989); Manders v. Oklahoma ex rel. Department of MentalHealth, 875 F.2d 263, 265 (10th Cir. 1989); Abrams v. BaylorCollege of Medicine, 805 F.2d 538, 533-34 (5th Cir. 1986).[2]
Because, as established above, the plaintiff does not allege any act of discrimination within the limitations period, the plaintiff may not rely on the continuing violation doctrine.[3]
CHRO thus correctly concluded that the plaintiffs complaint was not filed in a timely manner. The failure of the plaintiff to file the complaint in a timely manner deprived CHRO of jurisdiction. See Williams v. CHRO, 54 Conn. App. 251, 254-55, A.2d _____ (1999). CHRO thus properly dismissed the complaint.
CONCLUSION
For the foregoing reasons, this court affirms the decision of CHRO and dismisses the plaintiffs appeal.
It is so ordered.
Carl J. Schuman, Judge, Superior Court CT Page 11307