[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal to the Superior Court from the final decision of the defendant, Connecticut Commission on Human Rights and Opportunities ("CHRO"), dismissing an employment discrimination complaint filed by the plaintiff, Sally Church, against her employer, Envirotest Systems, Inc. ("Envirotest"), and the State of Connecticut Department of Motor Vehicles ("DMV").
An Affidavit of Illegal Discriminatory Practice was filed by the plaintiff on January 12, 1998, charging DMV and Envirotest with discrimination in violation of General Statutes §§ 46a-60
(a)(1), 46a-60 (a)(4) and 46a-60 (a)(8), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. The plaintiff alleged that she was an employee of Envirotest, a private company awarded a contract by the State of Connecticut to perform motor vehicle emission inspections on behalf of the State of Connecticut. She charged that she had been sexually harassed by two co-workers, Nick Aurora, a DMV employee, and Hector Martinez, an Envirotest employee, at DMV's North Haven inspection station; retaliated against for complaining to management about the aforesaid behavior; and, ultimately forced to quit because she could no longer tolerate her work environment. CT Page 16640
Subsequently, both DMV and Envirotest filed answers and responses to the CHRO's request for information. DMV responded that, in conjunction with Envirotest, it interviewed "nine (9) employees as to Ms. Church's allegations. Not one person corroborated her story." (Return of Record ("ROR"), Volume I, p. 57.) DMV also asserted that as soon as it was notified of the alleged misconduct, it removed Aurora from the station immediately. (ROR, Volume I, p. 58.)
In response to the CHRO inquiry, Envirotest stated that it undertook an immediate investigation, which included meeting with the plaintiff on the very day she complained of Aurora's conduct, providing her with paid administrative leave and requesting that DMV transfer Aurora to another station. The plaintiff had complained to Envirotest on July 14, 1997, and Aurora was transferred to another station on July 25, 1997. While attempting to complete its investigation, Envirotest tried to contact the plaintiff to no avail. The only response from the plaintiff was a letter dated August 6, 1997, indicating her resignation. (Supplemental ROR, Volume II, p. 392.) In the meantime, Envirotest conducted an investigation into the plaintiff's allegation of sexual harassment and concluded that Aurora did not harass her. (Supplemental ROR, Volume II, p. 417.)
As to the allegations concerning Hector Martinez, Envirotest stated that the plaintiff had never complained to management about Martinez and that Martinez was fired in October of 1996. Thus, any allegations of sexual harassment could not be considered since they occurred beyond the 180 day filing requirement. (Supplemental ROR, p. 418.)
Subsequently, on January 12, 1998, the plaintiff filed a complaint with the CHRO. In accordance with General Statutes §46a-83 (b), the plaintiff's complaint was assigned to an investigator, who dismissed the complaint on the ground that there was no reasonable possibility that further investigation would lead to a finding of reasonable cause. (ROR, Volume I. pp. 13-16, 40-48.) The notice of final agency action sent to the plaintiff stated:
 Notice is hereby given that pursuant to Section 46a-83 (b) of C.G.S, the Commission has processed your complaint through its Merit Assessment processes. CT Page 16641
 Further, you are hereby notified that as a result of these activities, your complaint has been reviewed out for the reason that there is no reasonable possibility that further investigation will result in a finding of reasonable cause inasmuch as it was determined that you had not been sexually harassed within 180 days of the filing of this complaint. There is evidence to indicate that your employer took action to investigate your complaint sexual harassment and Mr. Aurora was ultimately transferred to another location. The respondent further indicated that it attempted to contact you to inform you of this and to offer you reinstatement to your position but you failed to cooperate or to communicate with them. Finally, you did not provide any additional or substantive information which might refute the response.
(ROR, Volume I, p. 15.) Pursuant to General Statutes § 46a-83
(b), the plaintiff's complaint was dismissed on April 13, 1998.
The plaintiff requested reconsideration of the dismissal on April 28, 1998. CHRO considered the plaintiff's arguments, but ultimately rejected her request. In rejecting her request for reconsideration, CHRO concluded:
 A review of the record shows that there is substantial evidence to support the findings made. Specifically, complainant alleges that she complained about sexual harassment by Nick Aurora in mid July, 1997. Respondent then transferred Mr. Aurora to a different location on July 25, 1997. Thus, respondent responded expeditiously to the complainant's complaint of harassment.
 With regard to the complainant's claims against Hector Martinez, despite the fact that complainant indicates that she complained numerous times regarding Mr. Martinez, a review of the record shows that Mr. Martinez had been dismissed by respondent in October 1996, thus, any claims of sexual harassment concerning him would be time barred.
In sum, nothing in the request warrants reconsideration.
(Emphasis omitted.) (ROR, Volume I, p. 4.)
This administrative appeal to the Superior Court followed the CHRO's denial of the plaintiff's request for reconsideration. CT Page 16642
The court reviews the issues in accordance with the limited scope of judicial review afforded by the Uniform Administrative Procedure Act. Dolgner v. Alander, 237 Conn. 272, 280 (1996). The scope of permissible review is governed by § 4-183(j)[1] and is very restricted. Cos Cob Volunteer Fire Co. No. 1, Inc. v.Freedom of Information Commission, 212 Conn. 100, 104 (1989); NewHaven v. Freedom of Information Commission, 205 Conn. 767, 774
(1988). The court may not retry the case or substitute its judgment for that of the agency. C H Entewrises, Inc. v.Commissioner of Motor Vehicles, 176 Conn. 11, 12 (1978). "The conclusion reached by the defendant must be upheld if it is legally supported by the evidence. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, we cannot disturb the conclusion reached by him.Hart Twin Volvo Corporation v. Commissioner of Motor Vehicles,165 Conn. 42, 49, 327 A.2d 588. See Paul Bailey's, Inc. v.Kozlowski, 167 Conn. 493, 496-97, 356 A.2d 114." (Citations omitted; internal quotation marks omitted.) Lawrence v.Kozlowski, 171 Conn. 705, 708 (1976), cert denied, 431 U.S. 969
(1977). "Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . ." (Citations omitted.) Dolgner v. Alander, supra, 237 Conn. 280-81.
"The interpretation of statutes presents a question. . . . Although the factual and discretionary determinations of administrative agencies are to be given considerable weight by the courts . . . it is for the courts, and not for administrative agencies, to expound and apply governing principles of law. . . ." (Citations omitted; internal quotation marks omitted.) Connecticut Humane Society v. Freedom of InformationCommission, 218 Conn. 757, 761-62 (1991); Domestic ViolenceServices of Greater New Haven, Inc. v. Freedom of InformationCommission, 47 Conn. App. 466, 470-71 (1998).
In the present case, the plaintiff argues that the CHRO made an error of law in the application of the 180 day time limitation for filing her charge of employment discrimination. The plaintiff made an allegation of sexual harassment on July 14, 1997, and on the same day, her employer, Envirotest, placed her on administrative leave. The alleged harasser, Aurora, was transferred by DMV on July 25, 1997, while the plaintiff remained CT Page 16643 on administrative leave. The plaintiff resigned her position with Envirotest in a letter dated August 6, 1997. The plaintiff filed her complaint on January 12, 1998. No incident of sexual harassment could have occurred after July 14, 1997, since the plaintiff remained on administrative leave. The CHRO, therefore, properly concluded that it was precluded from reviewing the plaintiff's complaint because the complaint was filed after the 180 day filing period had expired. Robinson v. Commission onHuman Rights and Opportunities, 48 Conn. App. 902, cert. denied,244 Conn. 932 (1998).
Here, the plaintiff argues that the complaint was timely filed, invoking the continuing violation doctrine. The continuing violation doctrine was first recognized by the Connecticut Supreme Court in Board of Education v. Commission on Human Rights Opportunities, 177 Conn. 75 (1979). In Board of Education, the plaintiff had continually failed to pay a female employee the same compensation as male employees for the same work. The court affirmed the trial court's upholding of the CHRO decision that the board discriminated against the female employee because of the board's continuing discrimination. Id., 77. Additionally, inState v. Commission on Human Rights Opportunities,211 Conn. 464 (1989), the court stated that: "Thus, in Board of Education, we expressly recognized that discrete incidents occurring during a continuum of discriminatory employment practices may constitute fresh violations. . . ." Id., 473.
In order to employ the continuing violation doctrine, the plaintiff must prove that a violation occurred within the allotted time to file a complaint. Malhotra v. Coffer Co.,885 F.2d 1305 (7th Cir. 1989). In Malhotra, the plaintiff sued his former employer claiming that the employer failed to promote him over a five year period because of his race. The court stated that: "[N]o part of a continuing violation which persists intothe period within which suit is allowed is time-barred." (Emphasis in original.) Id., 1310. However, at least one incident of discrimination must occur within the statute of limitations. Id.; see also Manders v. Department of Mental Health,875 F.2d 263, 265 (10th Cir. 1989).
In the present case, the plaintiff failed to allege or prove that an incident of discrimination occurred between the original complaint on July 14, 1997 and Mr. Aurora's transfer on July 25, 1997. The continuing violation doctrine, therefore, is inapplicable because no incident of discrimination took place CT Page 16644 within the stature of limitations.
Thus, the plaintiff's first argument must fail for two reasons. First, General Statutes § 46a-82 (e) precluded the CHRO from reviewing the plaintiff's complaint because the complaint was filed after the limitations period had expired. Second, the statute of limitations was not tolled by the continuing violation doctrine because the plaintiff neither alleged nor proved that an act of discrimination occurred within the statute of limitations.
The plaintiff also argues that the dismissal of her complaint was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Much of the plaintiff's argument deals with the factual background of a complaint filed by a co-worker at Envirotest, Mary Walker. Walker's administrative appeal from the CHRO decision dismissing her employment discrimination complaint against Envirotest and DMV was recently dismissed by the Superior Court, Schuman, J. SeeWalker v. Connecticut Commission on Human Rights andOpportunities, Superior Court, judicial district of New Britain at New Britain, Docket No. 490150 (August 10, 1999, Schuman, J.).
The plaintiff does not contest that she first complained of harassment on July 14, 1997. She immediately was placed on paid leave, and the target of her complaints, Aurora, was transferred on July 25, 1997. There simply is no evidence of any harassment or of complaints about Aurora by the plaintiff prior to July 14, 1997. In its findings, CHRO determined that the plaintiff's employer, Envirotest, promptly and appropriately responded to the plaintiff's concerns.
Here, the plaintiff bears the heavy burden of proving that CHRO's factual determinations were clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Schallenkamp v. DelPonte, 229 Conn. 31, 39 (1994). This court has a limited scope of review of a CHRO determination of no reasonable cause. Adriani v. Commission on Human Rights Opportunities, 220 Conn. 307, 314-15 (1991). "Reasonable cause" is "a bona fide belief that the material issues of fact are such that a person of ordinary caution, prudence and judgment could believe the facts alleged in the complaint." General Statutes (Rev. to 1999) § 46a-83 (c)). Here, there is substantial evidence in the record to support the CHRO conclusion that there was no reasonable possibility that an investigation of the plaintiff's complaint would lead to a finding of reasonable cause. CT Page 16645
As outlined above, both Envirotest and DMV promptly conducted investigations into the plaintiff's allegations of sexually harassing behavior. The plaintiff was interviewed on the day of her complaint, Envirotest gave the plaintiff paid administrative leave until it could resolve the situation, asked DMV to transfer Aurora, and DMV did, in fact, transfer Aurora. However, the plaintiff failed to return to work and resigned, even though she was aware that Aurora had been transferred. Moreover, despite numerous interviews, no evidence whatsoever was uncovered to support the plaintiff's allegations of sexual harassment. Thus, there is substantial evidence in the record to support the CHRO conclusion that there was no reasonable possibility that an investigation of the plaintiff's complaint would lead to a finding of reasonable cause. Accordingly, the plaintiff's last argument, also must fail.
Based on the foregoing, the plaintiff's administrative appeal is dismissed.
Michael Hartmere, Judge