TERRY ANN WILLIAMS *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES ET AL.
(AC 17948)

Foti, Landau and Dupont, Js.

Argued March 3—officially released July 20, 1999

*Philip L. Steele,* for the appellant (plaintiff).

*Charles Krich,* with whom, on the brief, was *Philip A. Murphy, Jr.,* commission counsel, for the appellee (named defendant).

DUPONT, J. This appeal arises out of an employment dispute between the plaintiff employee and her employer, the defendant Shawmut Bank Connecticut N.A. (Shawmut), now Fleet Bank of Connecticut. The plaintiff, Terry Ann Williams, claims that her employment was terminated in violation of General Statutes § 46a-60 (a) (1), which prohibits discrimination based on present or past history of mental disorder, and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., due to "an adjustment disorder with depressed mood as a result of harassment on the job." The plaintiff filed a complaint with the named defendant, the commission on human rights and opportunities (commission), which was dismissed by the commission pursuant to General Statutes § 46a-82 (e)[1] on the ground that the plaintiff's complaint had not been filed within 180 days of the alleged discriminatory act. The plaintiff appealed from the commission's decision to the Superior Court, which upheld the dismissal. We affirm the judgment of the trial court.

The plaintiff raises several issues on appeal relating to the timeliness of the filing with the commission and whether an untimely filing would deprive the commission of subject matter jurisdiction.

The plaintiff's complaint to the commission, dated February 10, 1994, was filed with the commission on

---

[1] General Statutes § 46a-82 (e) provides in relevant part: "Any complaint filed pursuant to this section must be filed within one hundred and eighty days after the alleged act of discrimination . . . ."

February 14, 1994, and alleged that the plaintiff was employed by Shawmut from October, 1979, until January 29, 1991. She was given a written warning about her work by Shawmut on January 28, 1991, worked January 29, 1991, called in sick on January 30, 1991, and never returned to work thereafter. The plaintiff filed a workers' compensation claim alleging work-related stress, which she claimed commenced on January 28, 1991. She also claimed disability benefits, alleging a disablement beginning January 29, 1991. After she stopped working, Shawmut advised her on March 22, 1991, that her job had been filled and that she had been replaced. On April 15, 1991, the plaintiff refused an offer of another position at the bank at her former pay rate. She continued to receive a full salary until May 21, 1991. The plaintiff's disability payments ceased on January 30, 1993. The plaintiff began employment with another employer, Colt Firearms, on January 4, 1993. She settled her workers' compensation claim against Shawmut on July 7, 1993, and received $17,000. The plaintiff received a letter from Shawmut on August 3, 1993, advising her of her federal rights to continue health insurance coverage. The letter noted that her termination of employment date was January 23, 1993. On October 15, 1993, the plaintiff wrote to Shawmut requesting that she be allowed to return to work. Shawmut, by letter dated December 17, 1993, indicated that more time was needed to respond to her request and agreed not to assert a "time based or defense of statute of limitations which might arise after your initial claim letter."

The trial court concluded that the employer's agreement as expressed in its letter of December 17, 1993, did not prevent the commission from conducting a review of the timeliness of the plaintiff's complaint and that the doctrine of equitable tolling of the statute should not be invoked to save the plaintiff's complaint from dismissal. Accordingly, the trial court dismissed the plaintiff's appeal.

The plaintiff sought an articulation, claiming that the trial court had not determined the issues presented to it. The court articulated its memorandum of decision, and stated that it did not decide whether the 180 day limitation of § 46a-82 (e) was jurisdictional because even if it assumed the time limitation was not jurisdictional and, therefore, subject to the application of the doctrine of equitable tolling, that doctrine should not be invoked on the facts. The court further stated that the timeliness of the claim is not supported by the record, that the plaintiff's claim that she remained an employee of Shawmut from January, 1991, through October, 1993, is not supported by the evidence, and that the commission, on the substantial evidence presented, correctly determined that the plaintiff was not an employee in October of 1993 when she attempted to file a claim to return to work at Shawmut.

The plaintiff's primary argument is that even if her complaint were filed untimely, the commission did not lose jurisdiction and her claim could still be considered because the limitations period should be tolled on equitable grounds, or because Shawmut had waived the defense of the statute of limitations or is estopped from raising it.

Section 46a-82 (e) provides that any complaint must be filed with the commission within 180 days after the alleged act of discrimination. The question first to be determined is whether the time limitation of that section is jurisdictional.[2] See *W.* v. *W.*, 248 Conn. 487, 493, 728

---

[2] This question is different from that decided in *Angelsea Productions, Inc.* v. *Commission on Human Rights & Opportunities*, 248 Conn. 392, 727 A.2d 1268 (1999). After oral argument in the present case, our Supreme Court held in *Angelsea Productions, Inc.*, that the time limitations imposed on the *commission* were not jurisdictional because of the enactment of Public Acts 1996, No. 96-241, codified as General Statutes §§ 46a-82b (a), 46a-82d (a) and (b), and 46a-82e. Id., 405. We are dealing in this case with the jurisdiction of the commission over a complaint that has been filed untimely by a claimant, not the jurisdiction of the *commission* to proceed in cases in which the commission has failed to meet the statutory time requirements imposed on it. This case is governed by § 46a-82 (e), rather than the sections involved in *Angelsea Productions, Inc.* v. *Commission on Human Rights & Opportunities*, supra, 392. Section 46a-82 (e) was not

A.2d 1076 (1999). If it is a jurisdictional hurdle for the plaintiff to overcome because of an untimely filing, she would not be entitled to claim a waiver of the statutory time limits, or equitable tolling, and the case must be dismissed. We conclude that § 46a-82 (e) is a mandatory time limitation that ousted the commission of jurisdiction.

The jurisdictional issue has not yet been specifically decided by our Supreme Court, but existing decisions substantiate our conclusion. On the basis of the facts as found by the trial court and as they appear in the record, we note that the plaintiff's complaint to the commission was not filed within 180 days after the alleged act of discrimination. The act of discrimination of which the plaintiff complains is her "harassment *on the job*." (Emphasis added.) She terminated her employment in January, 1991, was replaced in March, 1991, refused another position with Shawmut in April, 1991, and received no regular salary after May 21, 1991. She received disability payments for two years and began employment with another company in January, 1993. Her complaint was filed on February 14, 1994, more than 180 days after any alleged act of discrimination could have occurred.[3]

A number of cases, while not using the word "jurisdiction," have called the period of time in which to file a complaint with the commission as provided in § 46a-82 (e), formerly General Statutes § 31-127, vital to a legitimate complaint or necessary in order to obtain redress for an injury suffered during that time period.[4]

amended by Public Act 96-241, nor does the legislative history of that statute indicate any legislative intent to affect anything other than the jurisdiction of the commission over actions in which the commission has failed to act timely. See 39 H.R. Proc., Pt. 15, 1996 Sess., pp. 5185–5201.

[3] The plaintiff claims that Shawmut's letter of December 17, 1993, was a waiver by it of the 180 day time limit. By that date, the time to file a complaint had long expired. Furthermore, the letter applied only to a limitations defense that might arise after the plaintiff's letter of October 15, 1993.

[4] The case of *Groton* v. *Commission on Human Rights & Opportunities*, 169 Conn. 89, 362 A.2d 1359 (1975), did not resolve the issue of whether § 46a-82 (e) was jurisdictional, although the trial court had determined that

_State_ v. _Commission on Human Rights & Opportunities_, 211 Conn. 464, 472, 559 A.2d 1120 (1989); _Veeder-Root Co._ v. _Commission on Human Rights & Opportunities_, 165 Conn. 318, 330–31, 334 A.2d 443 (1973); _Scovill Mfg. Co._ v. _Commission on Civil Rights_, 153 Conn. 170, 175, 215 A.2d 130 (1965).

_Angelsea Productions, Inc._ v. _Commission on Human Rights & Opportunities_, 236 Conn. 681, 674 A.2d 1300 (1996), unlike the cases previously mentioned, discusses other sections of the same legislation that is the subject of the present case in terms of jurisdiction. We conclude that _Angelsea Productions, Inc._, is determinative of the issue we must decide. The court in that case concluded that General Statutes §§ 46a-83 (b) and 46a-84 (b) contain mandatory deadlines, which, if not complied with, oust a tribunal of jurisdiction. The opinion cites _Ambroise_ v. _William Raveis Real Estate, Inc._, 226 Conn. 757, 764–65, 628 A.2d 1303 (1993), and _Bridgeport_ v. _Debek_, 210 Conn. 175, 188, 554 A.2d 728 (1989), with approval. _Angelsea Productions, Inc._ v. _Commission on Human Rights & Opportunities_, supra, 700 n.13.[5] The legislature, in imposing a time limitation, can manifest an intent to make a time constraint mandatory and not waivable; that is, the legislature's intent can be found to impose a subject matter jurisdictional requirement on a statutory right. _Ambroise_ v. _William Raveis Real Estate, Inc._, supra, 764–65. A legislative provision for a time constraint can be a subject matter jurisdictional requirement if that is the apparent intent of the legislature. See _Kim_ v. _Magnotta_, 249 Conn. 94, 103, 733 A.2d 809 (1999).

the commission lacked jurisdiction because the complaint was not timely filed. The Supreme Court instead upheld the trial court's dismissal of the plaintiff's action on the basis that the death of the complainant employee ousted the court of jurisdiction.

[5] The cases cited in the text are to be distinguished from those cases dealing with subject matter jurisdiction where the issue is whether the particular tribunal has authority to act to decide the class of case, and there is no legislative time constraint. See _Amodio_ v. _Amodio_, 247 Conn. 724, 727–28, 724 A.2d 1084 (1999); see also _W._ v. _W._, supra, 248 Conn. 493.

The factors that led to the court's conclusion in *Angelsea Productions, Inc.* v. *Commission on Human Rights & Opportunities*, supra, 236 Conn. 681, that the time limits of §§ 46a-83 (b) and 46a-84 (b) were jurisdictional were the use of the words "must" or "shall" in the statutory language, the prior interpretation of the words "must" or "shall" in other sections of the same legislation as mandatory, the essence of the thing to be accomplished by the statute requires promptness or a time limitation, the purpose of the statute would be compromised without a time limitation, the time limitation is contained within the statute that establishes the remedy, the statute provides a cause of action unknown to the common law, and the scope of the legislation manifests a legislative intent to make the time constraints mandatory.

The reasoning of *Angelsea Productions, Inc.*, applies to § 46a-82 (e) as well as to §§ 46a-83 (b) and 46a-84 (b). The "*entire* discriminatory practice complaint procedure . . . can be implemented only through strict enforcement of the time limits." (Citations omitted; emphasis added.) Id., 692. The entire complaint procedure includes § 46a-82 (e), which establishes the methodology for beginning an action to prohibit discriminatory practices and creates the right to claim aggrievement for them and the right to relief from them.

Cases involving time constraints in legislation other than the discriminatory practice complaint procedure, §§ 46a-82 through 46a-96, also support our conclusion that § 46a-82 (e) is jurisdictional. When time constraints or limits relate to the essence of the purpose of legislation, which legislation is unknown to the common law, and effectuate the legislative intent, the time limits mandate compliance and are jurisdictional. *Ambroise* v. *William Raveis Real Estate, Inc.*, supra, 226 Conn. 766–67; *Dugan* v. *Milledge*, 196 Conn. 591, 595, 494 A.2d 1203 (1985); see also *Wright* v. *Zoning Board of Appeals*, 174 Conn. 488, 491, 391 A.2d 146 (1978); *Koskoff* v. *Planning & Zoning Commission*, 27 Conn.

App. 443, 446–48, 607 A.2d 1146, cert. granted, 222 Conn. 912, 608 A.2d 695 (1992), appeal withdrawn November 10, 1992; *Cocivi* v. *Plan & Zoning Commission*, 20 Conn. App. 705, 707, 570 A.2d 226, cert. denied, 214 Conn. 808, 573 A.2d 319 (1990). Where a statute creates a right that did not exist at common law and limits the time for enforcement of the right, the time fixed attaches to the right and is a limitation on the liability as well as the remedy. *Davenport* v. *Quinn*, 53 Conn. App. 282, 292, 730 A.2d 1184 (1999).

All of the factors discussed in *Angelsea Productions, Inc.*, and the previously cited cases are present here, and we conclude that because the plaintiff did not file her complaint within 180 days after the alleged act of discrimination, the commission had no jurisdiction to entertain the plaintiff's complaint.[6]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] Although we affirm the trial court's judgment of dismissal on the ground that the commission lacked jurisdiction, and need not discuss the basis on which the trial court dismissed the case, namely, the failure of the plaintiff to prove either waiver of the time requirement or equitable tolling; see *Groton* v. *Commission on Human Rights & Opportunities*, 169 Conn. 89, 101, 362 A.2d 1359 (1975); we note that the plaintiff has not shown a meaningful waiver. Whether Shawmut agreed not to defend the plaintiff's complaint against it by raising a timeliness defense is irrelevant. It is the commission that must determine if the complaint is timely, not the employer of the complainant.

There is little or no merit to the plaintiff's claim of equitable tolling. Nothing in the record suggests that her employer caused her to refrain from filing a timely complaint. We also note that she has been represented by counsel since January or February, 1991.