[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The above-captioned case is an administrative appeal from the decision of the Connecticut Commission on Human Rights and Opportunities ("CHRO") dismissing a complaint of employment discrimination filed by the plaintiff, Ronald Prisley ("Prisley"), against the Connecticut Water Company ("Water Co.").
 I. Procedural Background
On March 30, 1998, Prisley filed an Affidavit of Illegal Discriminatory Practice with the CHRO. His affidavit charged that Water Co. discriminated against him based on his race (Caucasian) and color (white) in violation of General Statutes §46a-60(a)(1) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. The affidavit alleged that Water Co. violated the law in failing to hire Prisley in a full time permanent position as a customer service representative or utility worker. (Return of Record ("ROR"), pp. 64-69.) In its answer and responses to CHRO's Schedule A requests for information, Water Co. countered that Prisley's affidavit alleged acts of discrimination as to the customer service position were CT Page 3989 untimely, and that Prisley had failed to apply for the utility worker position. (ROR, p. 85.)
In accordance with General Statutes § 46a-83(b), the CHRO processed Prisley's affidavit under its merit assessment review program. After reviewing the record, CHRO determined that there was no reasonable possibility that further investigation of Prisley's affidavit would lead to a finding of reasonable cause. The CHRO dismissed Prisley's affidavit on June 29, 1998. (ROR, pp. 15-30.) Prisley requested reconsideration of the dismissal on July 14, 1998, (ROR, pp. 7-8), and that request was rejected by the CHRO on October 15, 1998. (ROR, pp. 1-5.) Prisley then timely appealed to this court. Aggrievement is not contested, and the court finds that Prisley is aggrieved by the dismissal of his complaint.
The record establishes that Water Co. is in the business of providing a water service to a variety of customers in 32 towns throughout Connecticut. (ROR, p. 86.) Prisley, who is Caucasian, applied for a customer service position with Water Co. on February 5, 1997. (ROR, p. 106.) His work experience was primarily as an auto body repair person, and Water Co. hired another more-qualified white person for that position. (ROR, pp. .119-23, 86.)
A temporary field utility job opened up in May, 1997. This was a training position that could possibly lead to a permanent field position. (ROR, pp. 87, 126.) Diane Patrick, Water Co.'s human resources manager, a white woman, offered Prisley this position. This position was not advertised but was directed to Prisley because of his prior application on file from February. Patrick also knew Prisley's race and color from the prior application. Prisley was hired on June 30, 1997. (ROR, pp. 86, 84, 106, 124.) This temporary field position lasted until September 6, 1997 and he was released. (ROR, pp. 87, 94.) During the month of August, 1997, Prisley had noticed an advertisement for a service position, but the record is unclear as to whether he pursued this advertisement. (ROR, p. 29.)
In the months following the end of the temporary position in September, 1997, the record shows that Prisley had no contact with Water Co. until December, 1997, when he "stopped by" the offices, but filed no application. (ROR, p. 33.) In the first three months of 1998, Prisley also left messages or spoke with officials of Water Co., but did not formally apply for a CT Page 3990 position. At most he asked that Water Co. look to his prior application on file. The advertisements for field positions submitted by Prisley to CHRO required written applications and did not allow for telephone applications. (ROR, p. 33.) In late February, 1998, Prisley learned that a "mixed race" man had been hired for a position with Water Co. (ROR, pp. 33-34.) Water Co. has pointed out that at the time it hired Prisley as a temporary utility worker, it was aware of his race and color, and that 153 of its 157 employees are white. (ROR, p. 85-167.)
 II. Discussion
In his appeal, Prisley raises two issues. The first is that the CHRO had jurisdiction to consider events occurring prior to October 1, 1997, in determining whether the case should proceed. This raises the issue of the requirement of General Statutes § 46a-82(e) that claims of employment discrimination must be filed within 180 days of the alleged discrimination.
Several Superior Court cases have relied on § 46a-82(e), finding it jurisdictional. See, e.g., Robinson v. Commission onHuman Rights and Opportunities, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 558017 (March 26, 1997, Maloney, J.), aff'd, 48 Conn. App. 902, cert. denied,244 Conn. 932 (1998); Thomas v. Commission on Human Rights andOpportunities, Superior Court, judicial district of Hartford-New Britain, Docket No. 575968 (February 19, 1999, Cohn, J.).Williams v. Commission on Human Rights and Opportunities,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 566218 (November 13, 1997, McWeeny, J.) also reached a similar result. That decision was appealed to and affirmed by the Appellate Court. See Williams v. Commission onHuman Rights and Opportunities, 54 Conn. App. 251 (1999). That court concluded that "§ 46a-82(e) is a mandatory time limitation that custed [CHRO] of jurisdiction." Williams v.Commission on Human Rights and Opportunities, supra, 255. There was no provision for equitable tolling in the statute.[1]
Applying the clear precedent which this court must follow, since Prisley filed his affidavit on March 30, 1998, he could reach back to claim a discriminatory act by Water Co. only after October 1, 1997. Any allegations of discrimination occurring during his employment and prior to October 1, 1997, would be untimely, as the CHRO found. Even if the Supreme Court were to allow for tolling under § 46a-82(e) (see footnote 1), there CT Page 3991 is no evidence in the record indicating that Water Co. prevented Prisley from filing a timely complaint during the excluded February to October, 1997 period. See Williams v. Commission onHuman Rights and Opportunities, supra, 54 Conn. App. 251, n. 6.
Citing an estoppel case. Rapin v. Nettleton, 50 Conn. App. 640
(1998), Prisley contends that he was informed by the CHRO that he had until August 26, 1998, to file his affidavit. He contends that the CHRO is therefore estopped from asserting the 180-day jurisdictional rule. Turning to the record, it appears that Prisley spoke to a representative of the CHRO on March 2, 1998, and that he was complaining about discrimination happening on February 27, 1998. (ROR, p. 61.) That is the reason why the CHRO set the date of August 26, 1998, in its subsequent letter of March 3, 1998. (ROR, pp. 217-18.) This indicated the 180-day period for filing using February 26, 1998 as the earliest date of discrimination. This record does not, therefore, indicate the need to apply the doctrine of estoppel.
The second ground of appeal alleges that the CHRO did a "slipshod job" of processing and investigating Prisley's affidavit. In this case, the CHRO dismissed this matter under its merit assessment review program, § 46a-83(b), finding that there was no reasonable possibility that further investigation of Prisley's affidavit would lead to a finding of reasonable cause. The court adopts the standard of review of such dismissals by the CHRO as set forth in Cohen v. Commission on Human Rights andOpportunities, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 549621 (March 5, 1996, Hodgson, J):
The 1994 amendment to § 46a-83(b) explicitly permits the CHRO to dismiss a complaint of employment discrimination without conducting a full investigation, since that enactment provides for dismissal where the CHRO determines that there is not a reasonable possibility that an investigation will result in a finding of reasonable cause. The failure to conduct a full investigation therefore is not a ground for setting aside a dismissal. Since the General Assembly did not, however, exempt such reasonable cause determination(s) from the operation of General Statutes § 4-183(j)(5) and (6), this court must still consider whether the [CHRO's] determination is supported by substantial evidence, while recognizing that full investigation is not required pursuant to the CT Page 3992 amendment allowing for a more summary procedure.
Prisley relies upon Adriani v. Commission on Human Rights andOpportunities, 220 Conn. 307 (1991), aff'd, 228 Conn. 545 (1994) and Dufraine v. Commission on Human Rights and Opportunities,236 Conn. 250 (1996) in contending that the CHRO should have done a more thorough investigation. Addressing Adriani and Dufraine,
Judge McWeeny has stated: "Those cases are distinguishable in that they did not involve the merit assessment review or preliminary screening process determination. A complete and thorough investigation is not contemplated or practical under the time parameters of 46a-83(b). . . ." McDonald v. Commission onHuman Rights and Opportunities, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 567160 (November 19, 1997, McWeeny, J.)
The court notes that both Prisley and Water Co. had ample opportunity to submit documentary material to the CHRO and Prisley did submit material that is in the record. Thus, the court must review the record as it exists for substantial evidence. To prevail on his claim of discrimination in hiring, Prisley must demonstrate, among other things, that he sought a position and that he was not hired for it. Levy v. Commission onHuman Rights and Opportunities, 236 Conn. 96, 107 (1996). CHRO did not find evidence that Prisley had applied for a position in the period from October 1, 1997, to the date of the filing of the affidavit, March 30, 1998. This finding is supported by substantial evidence. As indicated above, Prisley occasionally stopped by Water Co.'s offices and called a few times to Water Co. officials. This does not constitute an application, especially where the advertisements disallowed telephone applications. The two advertisements from 1998 submitted on reconsideration by Prisley were for field utility positions. There is no mention in the record of what position Prisley was seeking in 1998, although at oral argument, it was stated that the position sought was a customer service position.
CHRO correctly concluded that this record is lacking in any specific evidence. That a person of "mixed race" was hired at some time (it is unclear whether before or after October 1, 1997) does not support Prisley claim of discrimination. Nor does the record support a claim of reverse discrimination where Water Co. has a large number of white employees.
As substantial evidence is found, the appeal is dismissed. CT Page 3993Cohen v. Commission on Human Rights and Opportunities, supra, Superior Court, Docket No. 549621.[2]
Henry S. Cohn, Judge