TERRY ANN WILLIAMS *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES ET AL.
(AC 17948)

Foti, Landau and Dupont, Js.

Submitted November 1—officially released December 18, 2001

*Philip L. Steele*, for the appellant (plaintiff).

*Charles Krich*, with whom, on the brief, was *Philip A. Murphy, Jr.*, commission counsel, for the appellee (named defendant).

*Opinion*

DUPONT, J. This case comes to us on remand from our Supreme Court. See *Williams* v. *Commission on Human Rights & Opportunities*, 257 Conn. 258, 777 A.2d 645 (2001). The plaintiff, Terry Ann Williams, appealed to this court from the judgment of the trial court dismissing her appeal from the decision of the defendant commission on human rights and opportunities (commission) to dismiss her claim of employment discrimination. The plaintiff's complaint to the commission alleged employment discrimination by the defen-

dant employer Shawmut Mortgage Company[1] (Shawmut) based on a mental disability in violation of General Statutes § 46a-60 (a) (1).[2] The trial court determined that the complaint to the commission was untimely pursuant to General Statutes § 46a-82 (e)[3] and that the facts of the case did not warrant equitable tolling of the statute of limitations. This court affirmed the decision of the trial court, holding that because the plaintiff had not filed her complaint within 180 days of the alleged act of discrimination, the commission lacked jurisdiction to entertain the complaint.[4] *Williams* v. *Commission on Human Rights & Opportunities*, 54 Conn. App. 251, 258, 733 A.2d 902 (1999), rev'd, 257 Conn. 258, 777 A.2d 645 (2001). The commission

---

[1] Shawmut Mortgage Company was the plaintiff's employer at the time of the occurrences involved in this appeal. Shawmut Mortgage Company was acquired subsequently by Fleet Bank. Although the successor defendant, Fleet Bank, filed an appearance with the trial court, it did not file a brief in the trial court or this court, and did not participate in oral argument in this court. Fleet Bank filed a notice in the trial court, stating that it would not file a brief in the trial court because its position was adequately stated by the commission. Fleet Bank did, however, participate in the action in the Supreme Court after the commission's petition for certification to appeal from this court was granted.

[2] General Statutes § 46a-60 (a) provides in relevant part: "It shall be a discriminatory practice in violation of this section: (1) For an employer, by himself or his agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against him in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, age, sex, marital status, national origin, ancestry, present or past history of mental disorder, mental retardation, learning disability or physical disability, including, but not limited to, blindness . . . ."

[3] General Statutes § 46a-82 (e) provides in relevant part: "Any complaint filed pursuant to this section must be filed within one hundred and eighty days after the alleged act of discrimination . . . ."

[4] The plaintiff filed her complaint with the commission alleging a claim against her former employer, Shawmut. The commission originally dismissed the complaint for lack of reasonable cause and subsequently dismissed it on the ground that it was untimely. The trial court did not decide whether the 180 day limitation of § 46a-82 (e) was jurisdictional, although the plaintiff's brief in this court addressed the issue.

requested certification to appeal to our Supreme Court, which was granted.[5] The Supreme Court reversed our decision, concluding that the 180 day filing requirement imposed by § 46a-82 (e) is not jurisdictional, although it is mandatory and must be complied with in the absence of a showing of waiver, consent or some other equitable tolling doctrine.[6] That court remanded the case to us "for a specific determination of the various issues raised in the plaintiff's appeal [to the Appellate Court], namely, whether the untimeliness of the plaintiff's complaint should have been excused on the basis of waiver or equitable tolling." *Williams* v. *Commission on Human Rights & Opportunities*, supra, 257 Conn. 289–90. The remand assumes that the plaintiff's complaint was untimely[7] and requires this court to determine whether waiver or equitable tolling should apply.

On appeal in this court, the plaintiff's claims are that (1) the commission did not perform an investigation of the timeliness of the complaint[8] and (2) the court should have concluded that the facts supported a case for

[5] The Supreme Court limited the certification to appeal to the following issue: "Did the Appellate Court improperly conclude that the 180 day time limitation for filing a complaint under General Statutes § 46a-82 (e) was subject matter jurisdictional?" *Williams* v. *Commission on Human Rights & Opportunities*, 252 Conn. 930, 746 A.2d 794 (2000).

[6] The defendant employer, Fleet Bank, claimed that the commission had no standing to obtain appellate review by the Supreme Court because the commission was not aggrieved by the decision of the Appellate Court. The Supreme Court concluded that aggrievement existed because our decision impaired the integrity of the commission's decision-making process and its ability to carry out its statutory responsibilities. Fleet Bank also argued in the Supreme Court that the 180 day time limit was jurisdictional.

[7] This court's decision in *Williams* v. *Commission on Human Rights & Opportunities*, supra, 54 Conn. App. 255, also flatly concludes that the plaintiff's complaint was untimely.

[8] A review of this claim would be precluded by the language of the Supreme Court's remand, which appears to be limited to the specific issue of whether equitable tolling or waiver should apply. It is discussed, however, because it was an issue raised in the plaintiff's appeal.

equitable tolling or waiver.[9] We conclude that the judgment of the trial court dismissing the appeal should be affirmed.

The following facts and procedural history are necessary for a disposition of this appeal. The plaintiff's complaint to the commission alleges that she was employed by Shawmut beginning in October, 1979. She continued to work at Shawmut until January, 1991. On January 28, 1991, Shawmut issued a written warning to the plaintiff concerning her work performance, which she refused to sign. She worked on January 29, 1991, and called in sick on January 30, 1991. She never returned to work at Shawmut. The plaintiff filed a workers' compensation claim alleging work-related stress that began on January 28, 1991. The plaintiff also filed successfully for disability benefits, alleging that she was disabled beginning on January 29, 1991. The plaintiff's complaint states that "[b]eginning in 1989 [she] began to suffer a disabling injury of an adjustment disorder with depressed mood as a result of harassment on the job." The plaintiff did not notify Shawmut concerning the harassment or her mental condition prior to February, 1991. In February, 1991, the plaintiff had several conversations with a supervisor at Shawmut concerning her potential return to work. The plaintiff was offered a different position at her current salary, but she refused and did not want to return under the existing circumstances. On March 22, 1991, Shawmut notified the plaintiff that it had filled her position and that she had been replaced. The plaintiff was told that when she returned from her medical leave, she would be offered a position compara-

---

[9] The plaintiff's brief makes no distinction between the doctrine of waiver and equitable tolling, but briefly mentions that the principles of estoppel should apply to excuse her delay in filing her complaint with the commission. We treat "equitable tolling" as a doctrine inclusive of waiver, consent, or estoppel, that is, as an equitable principle to excuse untimeliness. See *Williams* v. *Commission on Human Rights & Opportunities*, supra, 257 Conn. 284.

ble to her former job. On April 15, 1991, the plaintiff refused an offer of another position at the company at her former pay rate. The plaintiff inquired about other opportunities within the company and was directed to discuss openings with one of the corporation's recruiters. There is nothing to indicate that the plaintiff did so.

The plaintiff continued on full salary until May 21, 1991, and was eligible for partial salary through July 31, 1991. In July, 1991, the plaintiff submitted a claim for long-term disability, and her application was approved. Following the approval of her long-term disability claim, the plaintiff began to receive $1384.96 a month in disability payments retroactive to January, 1991, the date that she discontinued employment at Shawmut. The disability payments expired on January 30, 1993, and Shawmut's insurance carrier told the plaintiff that to receive payments beyond that period, she would have to provide medical evidence that she was unable to work at any occupation. During the period of her absence from Shawmut, the plaintiff also received $2233.08 a month in employment compensation. The plaintiff settled her workers' compensation claim against Shawmut on July 7, 1993, and received an additional $17,000 in compensation.

On January 4, 1993, the plaintiff commenced employment with another employer, Colt Firearms. On August 3, 1993, Shawmut notified the plaintiff by letter of her federal rights to continue health insurance coverage. The letter noted a termination of employment date of January 23, 1993. On October 15, 1993, the plaintiff's attorney inquired about the termination and requested the plaintiff's return to work at Shawmut. On November 3, 1993, Shawmut's managing counsel sent a letter to the plaintiff stating that a response would be provided once the necessary factual research was completed. In a letter dated December 17, 1993, Shawmut's managing counsel wrote to the plaintiff's attorney, stating: "I am

writing to confirm our agreement with respect to Shawmut's consideration of the claim you are asserting on behalf of your client, Terry Williams. As we discussed, my schedule has precluded my review of the various files which Shawmut maintains in this matter. Consequently, Shawmut agrees that it will not assert any time based or defense of statute of limitations which might arise after your initial claim letter."

The plaintiff filed a complaint with the commission on February 10, 1994, alleging employment discrimination on the basis of mental disability in violation of § 46a-60 (a) (1). On or about September 20, 1994, the commission dismissed the complaint because there was "no reasonable possibility that further investigation [would] result in a finding of reasonable cause inasmuch as it was determined that the facts are not likely to show that [the plaintiff was] terminated by respondent."

The plaintiff appealed from the dismissal to the Superior Court. The plaintiff claimed, among other things, that the commission ignored the standard of review set forth in General Statutes § 46a-83 and that it improperly applied a standard of "reasonable likelihood" to a review after the initial complaint was filed rather than the "reasonable possibility" standard as stated in General Statutes § 48a-83 (b). On February 6, 1995, the Superior Court rendered a stipulated judgment that remanded the matter to the commission "with direction to reinstate the complaint of the plaintiff and for further proceedings in accordance with the law."

On June 6, 1996, the commission issued a notice of final agency action, stating that it was dismissing the complaint on the basis of a finding of no reasonable cause due to lack of jurisdiction. On October 17, 1996, the commission rejected the plaintiff's request for reconsideration. On November 14, 1996, the plaintiff

filed an appeal from the commission's decision to the Superior Court. On November 13, 1997, the trial court dismissed the appeal.

According to § 46a-82 (e), a complaint of employment discrimination "must be filed within one hundred eighty days after the *alleged act of discrimination . . . .*" (Emphasis added.) One hundred and eighty days preceding the filing date would set August 14, 1993, as the statutory cutoff date for alleged acts of discrimination for complaints filed on February 10, 1994, the date on which the plaintiff filed. The court concluded that the employer's agreement as expressed in its letter of December 17, 1993, did not prevent the commission from conducting a review of the timeliness of the plaintiff's complaint and that the doctrine of equitable tolling should not be invoked on the particular facts in this case to save the plaintiff's complaint from dismissal pursuant to § 46a-82 (e).[10] We must now determine whether the doctrine of equitable tolling applies.

The standard of review for appeals from a decision of the commission is well settled. "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . This so-called substantial evidence rule is similar to the sufficiency of the evidence standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . [I]t imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight

---

[10] See footnote 3.

of the evidence or clearly erroneous action." (Citations omitted; internal quotation marks omitted.) *Dufraine* v. *Commission on Human Rights & Opportunities*, 236 Conn. 250, 259–60, 673 A.2d 101 (1996).

The Uniform Administrative Procedure Act and General Statutes § 4-183 (j) (5) provide additional guidance concerning the proper standard of review and the substantial evidence rule concerning administrative decisions.[11]

I

The plaintiff first claims that the court improperly upheld the dismissal of her complaint because the commission did not conduct an adequate factual investigation that justified a ruling that the complaint was untimely. See *Dufraine* v. *Commission on Human Rights & Opportunities*, supra, 236 Conn. 262; *Adriani* v. *Commission on Human Rights & Opportunities*, 220 Conn. 307, 319, 596 A.2d 426 (1991). The plaintiff asserts that after the case was remanded to the commission following the stipulated judgment "for further proceedings in accordance with the law," the commission assigned an investigator and then canceled a fact-finding conference. She also argues that the investigator's factual findings cannot be given weight by the commission when no investigation was conducted, and that the credibility of the testimony and evidence cannot be determined when

---

[11] General Statutes § 4-183 (j) provides in relevant part: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (3) made upon unlawful procedure . . . (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. . . ."

no witnesses have testified. Specifically, the plaintiff argues that the commission did not adequately investigate whether she was actually terminated and, if she was terminated by Shawmut, the actual date of termination. The plaintiff states that such an investigation would assist in determining whether the complaint was timely.[12]

The record clearly shows that the commission did investigate the plaintiff's claims. The commission filed several reports concerning the plaintiff's complaint and questioned the employer bank, Shawmut, with a written questionnaire. In addition, the dates and events are not in dispute with respect to any interaction between the parties occurring after January, 1991. The only dispute seems to be the interpretation and consequences of those events. Specifically, the date on which the plaintiff would no longer be considered an employee of Shawmut was an issue, but the factual circumstances concerning those events were not in dispute. The precise date, however, that the plaintiff was either terminated from Shawmut or abandoned her job is irrelevant.

According to § 46a-82, the triggering event is "the alleged discriminatory practice" or "alleged act of discrimination," not the date on which employment is terminated. Although the termination of an employee in and of itself could possibly be an act of discrimination, the plaintiff does not allege that in this case.[13]

---

[12] In addition, the plaintiff argues that the complaint was filed within 180 days of an act of discrimination if the occurrences in October, 1993, are considered acts of discrimination. In October, 1993, the plaintiff, acting through her attorney, requested a return to Shawmut, and Shawmut did not respond to the request. The plaintiff argues that Shawmut engaged in discrimination by refusing to accommodate her disability by granting her request to return to work at Shawmut. The plaintiff also alleges that the commission erred when it considered her to have been a former employee in October, 1993. We are not persuaded by the plaintiff's arguments.

[13] The trial court noted that the plaintiff did not allege in her complaint to the commission that the defendant employer would not rehire her for a specific vacancy, but rather claimed that she remained an employee from January, 1991, through October, 1993. The court concluded that the commission correctly rejected her assertion, and we agree.

The plaintiff claimed in her complaint to the commission that a disabling injury began in 1989 "as a result of harassment on the job." The plaintiff did not support this allegation with reference to any specific incidents of harassment and she did not provide any such details during the period in which the commission was investigating her claims. The plaintiff has a responsibility to present sufficient facts in the complaint so that the commission can properly investigate her claims. See Regs., Conn. State Agencies § 46a-54-68.[14] Any claims regarding harassing incidents occurring in 1989, namely, acts at least three years before the plaintiff filed her complaint, would certainly be untimely under the 180 day filing requirement in the statute.

The commission is allowed to weigh the credibility of the witnesses and to draw inferences on issues in making a determination of whether the case should proceed. *Adriani* v. *Commission on Human Rights & Opportunities*, supra, 220 Conn. 317. The court concluded that the inferences drawn by the commission were supported by the evidence and that the commission did investigate the claims. We agree with the court's conclusion.

---

[14] Section 46a-54-68 (a) of the Regulations of Connecticut State Agencies provides in relevant part: "The complainant, upon receipt of a copy of the respondent's answer has a duty to provide any and all information in her or his possession or obtainable by reasonable means which relates to any contested allegation of the complaint or answer, *including all documentary evidence and the names of persons having knowledge of the facts and circumstances alleged to constitute a discriminatory practice.* The Commission may require the complainant to clarify or supplement any such information, and *the duty to provide such information by the complainant shall be a continuing one. . . .*" (Emphasis added.)

Section 46a-54-68 (c) of the Regulations of Connecticut State Agencies provides: "A complainant is under a continuing duty to amend, supplement or correct any information provided within ten (10) days of discovering additional information relating to the allegations of the complaint or answer as they may have been amended. Any supplement to the information provided must demonstrate why the complainant was unable to provide such information at an earlier date."

## II

The plaintiff's second claim is that the court improperly determined that the facts did not support a case for application of the doctrine of equitable tolling. The plaintiff argues that in a letter dated December 17, 1993, Shawmut agreed that it would not raise a statute of limitations defense to her claim.

The commission is entitled to raise the statute of limitations defense independent of the defendant employer. *Williams* v. *Commission on Human Rights & Opportunities*, supra, 257 Conn. 265–66. Although the commission may raise the defense, the commission must consider whether the equitable tolling doctrine applies to an untimely complaint to the commission. Id. The plaintiff characterizes the communications between herself and the defendant employer, including the letter dated December 17, 1993, as negotiations and argues that the statute of limitations should have been tolled while she attempted to resolve the situation amicably with the employer. The decision not to file her complaint promptly, however, was not caused or influenced by anything the commission did or said. The plaintiff's untimeliness, therefore, cannot be excused by the application of estoppel principles, waiver, or any doctrine of equitable tolling. See *Brown* v. *Employer's Reinsurance Corp.*, 206 Conn. 668, 674–77, 539 A.2d 138 (1988).

The plaintiff also argues that exercising the court's equitable powers to toll the statute of limitations in the present case would be consistent with the legislative purpose of the statute. On the facts of this case, that argument is unavailing. The plaintiff's last day of work was three years prior to the filing of her complaint and the alleged acts of discrimination, according to the plaintiff's complaint to the commission, occurred between 1989 and 1991.

The purpose of the time limitation for bringing complaints is to provide an opportunity for conciliation and investigation, including the preservation of evidence, while the complaint is still fresh, and to give notice to the employer about a potential lawsuit. *Posey* v. *Skyline Corp.*, 702 F.2d 102, 104 (7th Cir.), cert. denied, 464 U.S. 960, 104 S. Ct. 392, 78 L. Ed. 2d 336 (1983).

The commission argues that plaintiffs who want to invoke the doctrine of equitable tolling bear a heavy burden and that courts rarely extend such relief in employment discrimination cases. See *Irwin* v. *Dept. of Veterans Affairs*, 498 U.S. 89, 95–96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990); 4 A. Larson, Employment Discrimination (2d Ed. 2001) § 72.06. The reason the Connecticut legislature determined that the deadline for filing employment discrimination complaints should be 180 days was to make our statute of limitations consistent with federal law concerning employment discrimination. See *Williams* v. *Commission on Human Rights & Opportunities*, supra, 257 Conn. 274–75. The purpose behind the short deadline in federal law, as opposed to deadlines in other causes of action, is because Congress intended to encourage prompt processing of employment discrimination complaints. *Mohasco Corp.* v. *Silver*, 447 U.S. 807, 825, 100 S. Ct. 2486, 65 L. Ed. 2d 532 (1980).

The plaintiff was represented by counsel throughout the period of this process, beginning in 1991 when she ceased her employment with Shawmut. There is a strong tendency not to apply the doctrine of equitable tolling when a party is represented by an attorney. *Morse* v. *Daily Press, Inc.*, 826 F.2d 1351, 1353 (4th Cir.), cert. denied, 484 U.S. 965, 108 S. Ct. 455, 98 L. Ed. 2d 395 (1987); see also *Cantrell* v. *Knoxville Community Development Corp.*, 60 F.3d 1177, 1179–80 (6th Cir. 1995); *Heideman* v. *PFL, Inc.*, 904 F.2d 1262, 1266–67 (8th Cir. 1990), cert. denied, 498 U.S. 1026, 111

S. Ct. 676, 112 L. Ed. 2d 668 (1991). Here, the employer did not induce the plaintiff to delay filing her complaint, and we do not view the communications between the parties as negotiations.

The trial court held that the facts did not warrant application of the doctrine of equitable tolling. We conclude that there was sufficient evidence in the record to support that decision.

Connecticut courts look to federal law for guidance in interpreting state antidiscrimination laws. *Levy* v. *Commission on Human Rights & Opportunities*, 236 Conn. 96, 103, 671 A.2d 349 (1996). The general rule is that "[c]ourts have taken a uniformly narrow view of equitable exceptions of Title VII limitations periods." *Earnhardt* v. *Commonwealth of Puerto Rico*, 691 F.2d 69, 71 (1st Cir. 1982). We note that the trial court in the present case stated that the "[p]laintiff's response to notice of the jurisdictional issue was a March 21, 1996 legal argument, but not factual assertions as to why the December, 1993 agreement would save [a complaint] which was then already untimely." We agree with the court's reasoning that the complaint was already untimely when Shawmut's counsel wrote the letter stating that Shawmut would not raise a statute of limitations defense.

The doctrine of equitable tolling on the facts of this case should not be used to save a complaint that had grown stale years before the plaintiff filed it. The plaintiff has not relied on any fact that would excuse her extreme tardiness. Usually, in employment discrimination cases, time limits will not be tolled absent some behavior of the employer designed to delay the filing of the complaint or fraud. See *Manning* v. *Carlin*, 786 F.2d 1108, 1109 (11th Cir. 1986); see also *Cerbone* v. *International Ladies' Garment Workers' Union*, 768 F.2d 45, 48–49 (2d Cir. 1985); *Price* v. *Litton Business*

*Systems, Inc.*, 694 F.2d 963, 965–66 (4th Cir. 1982). There is nothing in this case to indicate that the employer prevented the plaintiff from filing her complaint in 1989 when the alleged harassment began or in 1991 when the plaintiff was no longer an employee of Shawmut. Nor is there any evidence to indicate that the commission induced the plaintiff or acted in any way to cause her to fail to file her complaint with it in a timely manner.

The fact that the plaintiff was represented by counsel in early 1991 and continued to be represented through 1994 is another factor against invoking the doctrine of equitable tolling to save her claim under the facts of this case. See *Lopez* v. *Citibank, N.A.*, 808 F.2d 905, 907 (1st Cir. 1987). In this case, the trial court was correct in failing to apply the doctrine of equitable tolling. The court properly dismissed the appeal.

The judgment is affirmed.

In this opinion the other judges concurred.