LAMBERTO LUCARELLI *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES ET AL.
(AC 33801)

Lavine, Espinosa and West, Js.

Argued March 14—officially released June 12, 2012

*Lamberto Lucarelli,* pro se, the appellant (plaintiff).

*Kimberly Jacobsen,* for the appellee (named defendant).

*Melinda A. Powell,* with whom was *Rachel L. Ginsburg,* for the appellee (defendant town of Old Saybrook).

*Michael A. Martone,* assistant attorney general, with whom were *Terrence M. O'Neill,* assistant attorney general, and, on the brief, *George Jepsen,* attorney general, for the appellee (defendant division of criminal justice).

*Opinion*

PER CURIAM. The plaintiff, Lamberto Lucarelli, appeals from the trial court's judgment dismissing the plaintiff's appeal from the decisions of the defendant commission on human rights and opportunities (commission), which dismissed two separate discrimination complaints filed by the plaintiff against the defendants, the town of Old Saybrook (town) and the division of criminal justice (state). On appeal, the plaintiff claims that the commission improperly dismissed his complaints against (1) the town because he did not file his complaint in a timely manner under General Statutes § 46a-82 (f) and (2) the state because he failed to state a claim upon which relief may be granted. We affirm the judgment of the trial court.

The following undisputed facts are relevant to our consideration of the plaintiff's claims. The plaintiff, who

is of Italian ancestry, visited the town transfer station where he observed a toilet seat extender. At that time, he "either expressed curiosity about or interest in taking ownership" of the toilet seat extender. Upon a subsequent visit to the transfer station, the plaintiff reported seeing the item on the recycling table with the phrase "Save for Lamberto. All your's Bert." Although the plaintiff stated that he was no longer interested in the item, it was several more months before the toilet seat extender was removed from the view of members of the public who frequented the transfer station. The toilet seat extender was last seen by the plaintiff at the transfer station on March 6, 2008. The plaintiff perceived the presence of the toilet seat extender to be a slur on his Italian ancestry and accused the town of maintaining an atmosphere of hostility toward those of Italian ancestry. The plaintiff reported this matter to the town police, but no arrests were made and the state's attorney declined to investigate the matter.

The following procedural background is also relevant. On December 9, 2008, the plaintiff filed two separate complaints with the commission alleging discrimination by the town and the state.[1] Pursuant to General Statutes § 46a-83 (b), the commission conducted a review of the file under its merit assessment review program, a preliminary screening process. On May 4, 2009, the commission dismissed the plaintiff's complaint against the town. The plaintiff requested reconsideration of the dismissal, which the commission rejected on the basis that the plaintiff's complaint was untimely. Pursuant to its merit assessment review, the commission dismissed the plaintiff's complaint against

---

[1] On October 29, 2008, the plaintiff alleged to the commission that he had been the victim of discrimination, but his submission did not satisfy the requirements to constitute a complaint under the statutory or regulatory requirements. The commission assisted the plaintiff in satisfying the complaint requirements.

the state on April 23, 2009. The plaintiff requested reconsideration, which the commission denied on the basis that the complaint failed to state a claim upon which relief could be granted. The trial court affirmed the commission's dismissal of the plaintiff's complaints. This appeal followed.

We turn next to our standard of review of the plaintiff's claims. "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . [A]s to questions of law, [t]he court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." (Citation omitted; internal quotation marks omitted.) *Blinkoff* v. *Commission on Human Rights & Opportunities*, 129 Conn. App. 714, 720–21, 20 A.3d 1272, cert. denied, 302 Conn. 922, 28 A.3d 341 (2011).

I

The plaintiff first claims that the commission improperly dismissed his complaint against the town as untimely. We are not persuaded.

Pursuant to § 46a-82 (f), complaints filed with the commission must be "filed within one hundred and eighty days after the alleged act of discrimination . . . ." In *Williams* v. *Commission on Human Rights & Opportunities*, 257 Conn. 258, 777 A.2d 645 (2001), our Supreme Court held that the time requirement under

§ 46a-82 (f) is mandatory. "[A mandatory] time require-ment . . . must be complied with, absent such factors as consent, waiver or equitable tolling." Id., 284.

The last instance of discrimination alleged by the plaintiff in his complaint with the commission occurred on March 6, 2008, which is the date, according to the plaintiff, that he last observed the toilet seat extender at the transfer station.[2] The plaintiff did not file his complaint with the commission until December 9, 2008, a total of 278 days after the last alleged act of discrimina-tion, therefore making his filing untimely.[3] We conclude that there was substantial evidence in the record for the commission to find that the plaintiff's filing was untimely.[4] The trial court, therefore, properly dismissed the plaintiff's appeal with respect to the town.

II

The plaintiff next claims that the commission erred in dismissing the plaintiff's complaint against the state for failure to state a claim upon which relief may be granted. The commission determined that the plaintiff's complaint did not allege any discrimination on the part

[2] The plaintiff argues that his filing was timely because the "discriminatory act" occurred when he received notice from the town that it would not further investigate his allegations, on October 2, 2008. The town's failure to further investigate the plaintiff's allegations, absent other allegations, does not constitute a discriminatory act. See *West Hartford* v. *Commission on Human Rights & Opportunities*, 176 Conn. 291, 297, 407 A.2d 964 (1978) ("it is the charges contained in the complaints . . . [that] frame the issues to be decided" [internal quotation marks omitted]).

[3] The plaintiff approached the commission to file a complaint of discrimi-nation on October 29, 2008, but because his complaint was deficient, his complaint was not perfected until December 9, 2008. Even if we considered October 29, 2008, to be the date of the plaintiff's filing, that was 237 days after the last act of alleged discrimination, and, therefore, his filing still was untimely.

[4] We also conclude that there is no argument to apply the doctrines of consent, waiver or equitable tolling here. See *Williams* v. *Commission on Human Rights & Opportunities*, 67 Conn. App. 316, 327, 786 A.2d 1283 (2001).

of the office of the state's attorney in declining to prosecute any individuals relating to the continued presence of the toilet seat extender at the town transfer station. The trial court upheld the commission's decision, concluding that, even if a crime had been committed, prosecutors have "a wide range of discretion" in how to proceed in a criminal prosecution. We agree. "Prosecutors . . . have a wide latitude and broad discretion in determining when, who, why and whether to prosecute for violations of the criminal law. . . . This broad discretion, which necessarily includes deciding which citizens should be prosecuted and for what charges they are to be held accountable . . . rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review." (Citations omitted; internal quotation marks omitted.) *State* v. *Kinchen*, 243 Conn. 690, 699, 707 A.2d 1255 (1998).

On the basis of our review of the record, there is nothing that suggests that a failure to prosecute on the part of the state's attorney was based on discrimination. Also, we agree with the trial court that it is not clear that any crime has occurred for the state to prosecute. Therefore, we conclude that there was substantial evidence in the record for the commission to determine that the plaintiff's claim against the state failed to state a claim upon which relief may be granted.

The judgment is affirmed.